EMMA MAXWELL, Plaintiff and Appellant, *v.* DEAN MAXWELL and GLORIA MAXWELL, Defendants and Respondents.

No. 10199.

Submitted September 20, 1961. Decided December 20, 1961.

Rehearing denied January 9, 1962.

367 P.2d 308.

Michael J. Whalen, Billings, appeared and argued orally for appellant.

Cooke, Moulton, Bellingham & Longo, Billings, Wm. R. Mc-Namer, Billings, argued orally for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of the thirteenth judicial district. The cause was tried before a jury which returned a verdict for the defendants.

Plaintiff, Emma Maxwell, was injured on January 1, 1959, as the result of a fall in a doorway of the home of the defendants at Billings, Montana. The defendants are the son and daughter-in-law of the plaintiff.

Plaintiff had a New Years dinner for the defendants and others earlier in the day and the defendants held a family get together at their home on New Years evening, the time of the accident. The plaintiff was asked to attend. The evidence established that there was snow on the step of defendants' home when plaintiff arrived there. Plaintiff stepped up onto the step, and when the door was opened she placed her foot on the floor inside the house. Her foot started to slip, apparently, because the floor was freshly waxed and because she had snow on her overshoes. Plaintiff testified that when she started to slip she tried to catch herself on the right foot still located on the step, but the right foot slipped out from under her causing her to fall in the doorway.

There is a controversy over whether the proximate cause of the fall was the waxed floor or the slippery step. Defendants claim the cause of the fall was the slip inside the house. In support of their position they cite the testimony of the plaintiff, on cross-examination, to the effect that the slip that started it all was inside the house, and from that moment she was out of control.

Plaintiff urges that the fall was caused by a layer of ice under the snow on the step. However, there was no direct testimony that there was any ice on the step. The illusive layer of ice will remain forever a matter of speculation. Although both

plaintiff and her husband testified to the effect that they thought there must have been ice under the snow, there was no testimony as to anyone actually determining whether ice was there or not.

For their part, defendants offered a great deal of testimony and statements regarding minimum and maximum temperatures, and snow and ice conditions to prove that the formation of ice was unlikely.

The principal issue on which this case must be decided is the status of the plaintiff as she entered the home of her son and his wife on the evening in question.

The plaintiff cites as error the refusal of the trial court to submit the case to the jury on the theory that at the time of the injury plaintiff was an ''invitee'' as a matter of law.

The rule is well established that a question will not be taken from the jury, as the trier of facts, where there is conflicting evidence or where more than one conclusion can be drawn from the evidence.

The trial court left to the jury the question whether plaintiff was a licensee or an invitee. The term licensee includes social guests, ''who, in a sense, are persons temporarily adopted into the possessor's family.'' Restatement, Torts, § 331, p. 897. The jury found that plaintiff was a social guest or licensee.

Plaintiff urges that she was not a social guest in the home of her son and his wife. Plaintiff testified that she went to the home of the defendants at the request of her daughter-in-law for the purpose of fixing supper for the guests, to clean up dishes, and possibly to take care of several minor children in case defendants went out for the evening. Defendants contend that plaintiff was a social guest and that any help she would have given would have been the customary and incidental help extended each other by members of a family on such occasions in the preparation of a holiday meal.

In Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 24, 152

P.2d 137, 145, this court set out the time honored distinction between an invitee and a licensee, as follows:

"The plaintiff alleges she was an invitee. The defendants claim plaintiff was a licensee. The definition used by many judges in reported cases, distinguishing between an invitee and a licensee or trespasser is: 'The principle appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.' [Citing cases.] And this definition has been adopted by this court in the case of Jonosky v. Northern Pac. Ry. Co., 57 Mont. 63, 187 P. 1014, 1015, wherein this court defined the term 'invitation' as follows: 'An invitation is inferred where there is a common interest or mutual advantage, while a license is implied where the object is the mere pleasure, convenience, or benefit of the person enjoying the privilege. Bennett v. Louisville & N. R. Co., 102 U.S. 577, 584, 26 L.Ed. 235; [See also, Rose's U.S. Notes.] 2 White on Personal Injuries on Railroads, § 870. The Supreme Court of Massachusetts has stated the rule as follows: "To come under an implied invitation as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant." [Citing cases.] The same distinction is made by the English courts.' "

Thus, it was the purpose for which plaintiff went on the defendants' premises that determines her status. If she went there to perform services for her son and his wife then she might be found to be an invitee. But if she went to the holiday meal as a guest and was only to perform any customary and inci-

dental chores then she was a licensee. From our review of the record we find that there were conflicts in the testimony on this point, but more important, different conclusions could be reached from the testimony which was uncontroverted. We therefore find that there was a proper jury question and the court did not err in submitting it to the jury.

The plaintiff relies on McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344, where a party, who was originally a social guest, was injured while holding open a garage door at the request of the host. This court found the injured party was an invitee at the time of the injury.

The McCulloch case is distinguishable from the case at bar. In the case at bar, plaintiff was neither performing a service for defendants at the time of her injury nor was there any active negligence involved on the part of the defendants. Moreover, in the McCulloch case, unlike the case at bar, there were no facts regarding the determination of the plaintiff's status which were to be determined by the jury.

The jury having concluded that plaintiff was a social guest or licensee our next question is to determine what duty the defendants owed to her.

The court instructed the jury that "the defendants owed her only the duty to refrain from acts of willful and wanton negligence." Plaintiff objected to this instruction on the ground it did not include the duty to warn licensee of hidden or latent perils which might cause a person so coming upon the premises to be injured.

■ The duty to a licensee is generally stated as the duty to refrain from acts of willful and wanton negligence. McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344; Montague v. Hanson, 38 Mont. 376, 99 P. 1063. However, in certain cases the rule is enlarged.

In 38 Am. Jur., Negligence, § 117, the duty to a social guest is stated as follows:

"* * * There is no duty on the part of the host to

reconstruct or improve the premises for the purpose of making his house more convenient or more safe for those accepting his hospitality, gratuitously extended. The guest assumes the ordinary risks which attach to the premises. No exception is made to the rule because of the fact that the guest enters on the host's express invitation to enjoy his hospitality.  *  *  * A better reason for the rule is that a host merely offers his premises for enjoyment by his guests with the same security that the host and the members of his family who reside with him have. However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained.''

▪ The question in this case is whether there was sufficient evidence to instruct on the issue of a hidden peril. The waxed floor of defendants' home, which was at least the partial cause of the fall, can not be considered hidden peril. Plaintiff contends that the ice under the snow of defendants' front step constituted a hidden peril.

In 65 C.J.S. Negligence § 38, a statement is made regarding hidden perils as follows:

''*  *  * an owner or person in charge of premises ordinarily is not under any affirmative duty to give licensees warning of concealed perils although he might, by the exercise of reasonable care, have discovered the defect or danger which caused the injury. However, he owes a duty not *knowingly or willfully* to let the licensee run into, or expose him to, a hidden danger or peril''. Emphasis added.

There is no evidence in the record, within the meaning of the above rule, that defendants knowingly or willfully exposed the plaintiff to a hidden peril.

▪ Appellants contend that the court erred in refusing to

give its offered instruction No. 10 which in substance was that a person exercising ordinary care has a right to assume that others will do likewise and that appellant was not negligent in failing to anticipate injury which could come to her from the violation of a duty of another.

This instruction was properly refused by the trial court.

Appellant further complains of the refusal to give her offered instruction No. 11 which is as follows: ''You are instructed that the duty to keep premises safe for an invitee extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and at which her presence should reasonably be anticipated.'' This was a matter for the jury to decide as to whether the appellant was a social guest or an invitee. The matter was covered adequately in other instructions given by the court to the jury.

Appellant further complains of the refusal of her offered instruction No. 14. This instruction was properly refused by the court as it placed a higher duty upon the respondents than that fixed by the law. The jury was adequately instructed on every phase of the law applicable to the case.

We recognize that the appellant sustained a grievous injury which caused her much pain and suffering and has placed a great financial burden on her. However, this does not justify our reversing the case since there was substantial evidence sustaining the jury verdict and it should not be disturbed by us.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.