RUBY BLACKMAN, PLAINTIFF AND RESPONDENT, v. BETTY LOU CROWE, AS EXECUTRIX OF THE ESTATE OF LOUIE KOLOKOTRONES, DECEASED, ADMINISTRATRIX OF THE ESTATE OF DOROTHY KOLOKOTRONES, DECEASED, DEFENDANT AND APPELLANT.

No. 11182.
Submitted March 7, 1967.   Decided March 22, 1967.
425 P.2d 323.

Corette, Smith, Dean & Robischon, Butte, Kendrick Smith (argued), Butte, for appellant.

John L. Peterson (argued), Butte, John V. Potter, Jr. (argued), White Sulphur Springs, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant in a personal injury action from a judgment entered on a jury verdict in favor of plaintiff.

The plaintiff-respondent is Mrs. Ruby Blackman and will be referred to as plaintiff or Mrs. Blackman. The defendant-appellant is Betty Lou Crowe, as executrix of the estate of Louie Kolokotrones, deceased, and as administratrix of the estate of Dorothy Kolokotrones, deceased.

Mrs. Blackman's action arose out of an injury suffered in a fall that took place in the yard of Mr. and Mrs. Kolokotrones' home. However, prior to the trial of this case both Mr. and Mrs. Kolokotrones died. During the trial the action was dismissed as to Mrs. Crowe in her representative capacity as administratrix of the estate of Dorothy Kolokotrones, but that dismissal is not contested by plaintiff on this appeal. We will refer to Mrs. Crowe as defendant and to the Kolokotrones by name.

The issue presented by this appeal is whether upon the basis of the evidence presented at the trial it can be stated as a matter of law that Mrs. Blackman was a licensee and not an invitee on the day she visited the Kolokotrones' residence, fell and suffered her injury.

The record before this court reveals the following facts: Mrs. Blackman and the Kolokotrones had been friends and neighbors for about eight years prior to the accident. The Kolokotrones had three children. In early January, 1964, the Kolokotrones planned an afternoon birthday party for their youngest child, Connie Kay. Mrs. Kolokotrones invited Mrs.

Blackman to the birthday party, which took place on January 23, 1964. Mrs. Blackman attended the birthday party and on her way home she slipped and fell in the Kolokotrones' yard.

An important issue at the trial was for what purpose Mrs. Blackman had been invited to the birthday party. Since the Kolokotrones had died prior to the trial, the only significant testimony about why Mrs. Blackman was invited to the party and what she did at the party was given by Mrs. Blackman herself. On direct examination by her counsel, Mrs. Blackman explained her invitation to and activities at the birthday party in this manner:

"Q. What did you do on that day that gave rise to where you were when the accident happened? A. I was invited to the home by Mrs. Kolokotrones.

"Q. How did this invitation arise? A. We were together and was talking, and we were over to the store over on Harrison Avenue and I bought a gift for Connie Kay and Dorothy asked me if I would come over for the birthday.

"Q. What did you say? A. I said, 'yes.'

"Q. Did she tell you why she wanted you to come? A. She said I could help serve the children.

"Q. What was your response to this invitation? A. I said I would come over.

"Q. And then did you actually go over to the Kolokotrones' home? A. Yes. I went over about I think about 3:00 or 3:30 I went over. I took a little gift to Connie Kay and she opened her gifts and then Dorothy and I went and she set the table and Connie Kay and the children got around the table so Connie Kay blowed the candles out off the cake. Dorothy cut the cake and I cut the ice cream and we served them at the table. We had a piece of the cake and some of the ice cream and ate that, and of course it was getting time for me to go home to get dinner for my husband, so I started home and fell."

The other significant evidence which pertained to the purpose of Mrs. Blackman's attendance at the party consisted of a

statement made by Mr. Kolokotrones prior to his death and introduced at the trial by the plaintiff without any objection and a part of Mrs. Blackman's deposition read into the record by defendant's counsel without objection by plaintiff.

The relevant portion of Mr. Kolokotrones' statement reads as follows: "She [Mrs. Blackman] had come over to our house at 3:45 or 4:00 P.M. to bring a present for our daughter. She had cake and ice cream while she was there and visited for a while. She was not there to help run the party. * * *"

The portion of the deposition read at the trial is as follows:

"Q. How would you characterize, Mrs. Blackman, your presence in the Kolokotrones' home? By that I mean would you say that you were a guest there that day? A. Well, I would assume I was.

"Q. You weren't there to work? A. No.

"Q. You weren't there to see the Kolokotrones about any matter other than the matter of their daughter's birthday? A. That's right."

The legal distinction between an invitee and a licensee has been discussed by this Court on several occasions in the past. An early discussion of this area of the law was contained in Jonosky v. Northern Pac. Ry. Co., 57 Mont. 63, 73, 187 P. 1014, 1015, where it is stated: "* * * An invitation is inferred where there is a common interest or mutual advantage, while a license is implied where the object is the mere pleasure, convenience, or benefit of the person enjoying the privilege." The "common interest or mutual advantage" test has been followed in many Montana cases since the Jonosky case, supra. For instance, see Vogel v. Fetter Livestock Co., 144 Mont. 127, 394 P.2d 766.

In Maxwell v. Maxwell, 140 Mont. 59, 62, 63, 367 P.2d 308, 310, one issue presented was whether plaintiff was a social guest at the home of defendants who were her son and daughter-in-law or an invitee present at defendants' home at the request of the daughter-in-law for the purpose of helping

the daughter-in-law with fixing the dinner, cleaning the dishes, and possibly taking care of the children in case defendants went out. This court made the following comments concerning how plaintiff's status was to be determined: "Thus, it was the purpose for which plaintiff went on the defendants' premises that determines her status. If she went there to perform services for her son and his wife then she might be found to be an invitee. But if she went to the holiday meal as a guest and was only to perform any customary and incidental chores then she was a licensee. * * *"

Mrs. Blackman's own testimony shows that she accepted the invitation to the birthday party so she could bring her present and possibly help with the serving of the ice cream and cake. This testimony certainly falls quite short of demonstrating the required "common interest or mutual advantage" necessary to place Mrs. Blackman within the legal definition of an invitee. As the only adult attending the birthday party outside of the Kolokotrones themselves, Mrs. Blackman's act of helping serve the ice cream and cake can only be classified as a "customary and incidental" chore. Mrs. Blackman's status was never that of an invitee. Mrs. Blackman was only a licensee.

At the close of the plaintiff's testimony and again at the end of the trial, defendant's counsel moved for a directed verdict on the ground that plaintiff had shown no right to relief since she had failed to establish her status as an invitee. The district court denied these motions, and in doing so it committed error.

The judgment appealed from is reversed with instructions to enter judgment for defendant.

MR. JUSTICES ADAIR, DOYLE, JOHN CONWAY HARRISON and the HONORABLE VICTOR H. FALL, District Judge, sitting in place of MR. JUSTICE CASTLES, concur.