PEARL M. LENZ, Plaintiff and Respondent, v. WILLIAM M. MEHRENS and MARIE C. MEHRENS, Defendants and Appellants.

No. 11223.

Submitted April 13, 1967. Decided May 4, 1967.
Rehearing denied May 25, 1967.

427 P.2d 297.

McKeon & Brolin, John L. McKeon (argued), Anaconda, for appellants.

Doepker & Hennessey, Maurice F. Hennessey (argued), Butte, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by defendants from a judgment entered in favor of the plaintiff.

The plaintiff-respondent is an aunt of Marie Mehrens, and will be referred to as the respondent. The Mehrens, husband and wife, will be referred to as appellants. The injury suffered by the respondent arose as a result of a visit by her to the home of the defendants wherein she stepped backward and fell down a basement stairs. The respondent was seriously injured and there was no question raised with respect to her injuries, rather the question concerns what duties were owed respondent who was a social guest.

The respondent, a resident of Seattle, was visiting her relatives in Butte, Montana, and during the evening of January 27, 1966, made a visit to the home of the defendants accompanied by Mr. and Mrs. Dave Walsh, the parents of Mrs. Mehrens. Several days prior to this date Mrs. Mehrens had received a call from her mother, the respondent's sister, telling her that the respondent was in town and would like to pay her a visit. While there is some question as to the day and time of the visit it was agreed by both parties that the defendants anticipated the visit and looked forward to it. On the evening in question Mr. Mehrens, not knowing exactly when respondent was coming to visit, left the home to take one of the children skating, leaving his wife and three other children at home. Shortly thereafter Mrs. Mehrens heard a car drive up alongside the house and when she looked out she saw that it was her father's car and she saw her mother and the respondent in the car. Being quite feminine her immediate reaction was to go immediately to either the bedroom or bathroom to comb her hair. Her father, mother and the respondent in the meantime

had gotten out of the car and were coming into the house via the back porch and back door. There was a light on, lighting up this rear entrance at the time respondent entered the rear door.

The home was constructed in several stages by the defendants with the help of Mr. Walsh, the father of Mrs. Mehrens. For several years the defendants lived in what is now the basement, and the back door, above-mentioned, was the only door of the home. To enter the house it was necessary to climb four concrete stairs. The door opened outward to the right and just above and to the left of the door was the outside light. When the defendants finished their home above the basement they kept the entrance as it was and in order to get into the kitchen it was necessary to turn left and step up one step.

On the night in question when the respondent, and Mr. and Mrs. Walsh reached the rear porch, Mr. Walsh testified that the following took place as they approached the defendants' home:

"A. There was no light on in the kitchen.

"Q. Did all three of you come up the stairs together? A. Pearl and my wife went ahead of me.

"Q. You were behind? A. I was behind.

"Q. Did you notice how Pearl [respondent] and your wife went into the house? A. Well, the wife opened the door and she said, 'Go on in.' Pearl went in, Pearl got in the entryway, she looked around, the wife said, 'Turn in there.' Pearl said, 'You go first,' and at that she kind of stepped back out of the way and the wife went in the kitchen, and that's when Pearl fell and the wife went running, screaming into the house and I went down in the basement and picked Pearl up."

With these basic facts, at the end of the respondent's case the appellants moved and were denied, a directed verdict. The appellants make three specifications of error:

(1) The court had no jurisdiction to try the cause without

first having held a pre-trial conference and having entered a pre-trial order.

(2) The presiding judge had no jurisdiction to try the cause as plaintiff's disqualification of the trial judge was untimely.

(3) The court erred in denying defendants' motion for a directed verdict.

With appellants' specification of error (1) we find no merit. Rule 16, M.R.Civ.P., relating to pre-trial procedures is a permissive not a mandatory rule. The adoption of the Rules of Civil Procedure in 1962 by this court was to promote justice and the above rule was adopted, and we have encouraged its widest use by the trial courts of this state always recognizing that it is optional and leaving to the trial court's discretion whether to utilize the rule and to what extent.

The appellants' second specification of error is not well-taken. In view of the facts set forth in the briefs concerning the disqualification of Judge Allen, who was to try the case, and the subsequent calling in of Judge Dignan, by agreement of both counsel, we find no violation of the provisions of our law, section 93-901, R.C.M.1947.

In considering the third specification of error we cannot presume that the trial court committed error; the appellant must assume the burden of showing that error was in fact committed. Bouma v. Bynum Irr. Dist., 139 Mont. 360, 364 P.2d 47; Laughnan v. Sorenson, 139 Mont. 531, 364 P.2d 433. The respondent in the district court, and before this court argues that this case is an exception to the rule of guest cases in that here the host knew of a concealed danger on the premises and is guilty of negligence if he allows the guest to come on the premises unwarned. In so contending he cites a recent case of this court, Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308, and 38 Am.Jur. Negligence, § 117, p. 778. The respondent cites another recent opinion of this court which we find not applicable due

398

to the fact it concerned a business invitee, McIntosh v. Linderkind Lumber Co., 144 Mont. 1, 393 P.2d 782.

■ We are quite aware of these holdings and of our obligation to sustain a jury finding when possible, but must under the facts presented here, find that a directed verdict should have been given under the laws of this state.

Here the respondent entered the home of appellants, not at the request of the appellants, but at the direction of another guest. She walked onto an unlit platform just inside the door and we fail to observe in any manner how negligence can be imputed to the appellants on the theory that the stairway was a concealed trap.

An early English case well states the historical basis for the guest rule where the court said:

"* * * one who comes on an express invitation to enjoy the hospitality as a guest must take the house as he finds it, and that his right to recover for an injury growing out of the dangers on the premises is not greater than that of a mere licensee. The principle of the decision seems to be that a guest who is receiving the gratuitous favors of another has no such relation to him as to create a duty to make the place where hospitality is tendered safe or better than it is." Southcote v. Stanley, 1 Hurl & N. 246. See also Prosser on Torts 2d., pp. 447-448.

In Montana the law is well-settled as to the duty owed a social guest. Our latest decision is Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308, wherein this court said:

"The jury having concluded that plaintiff was a social guest or licensee our next question is to determine what duty the defendant owed to her.

"The court instructed the jury that 'the defendants owed her only the duty to refrain from acts of willful and wanton negligence.' * * *

"The duty to a licensee is generally stated as the duty to refrain from acts of willful and wanton negligence. * * *

" 'In 38 Am. Jur., Negligence, § 117, p. 778, the duty to a social guest is stated as follows:

" '* * * There is no duty on the part of the host to reconstruct or improve the premises for the purpose of making his house more convenient or more safe for those accepting his hospitality, gratuitously extended. The guest assumes the ordinary risks which attach to the premises. No exception is made to the rule because of the fact that the guest enters on the host's express invitation to enjoy his hospitality. * * * A better reason for the rule is that a host merely offers his premises for enjoyment by his guests with the same security that the host and members of his family who reside with him have. However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained.' "

We then have the question of whether or not there was a trap or hidden peril. Again, the Maxwell case is the authority in Montana, where it is held:

" 'In 65 C.J.S. Negligence, § 38, a statement is made regarding hidden perils as follows:

" '* * * an owner or person in charge of premises ordinarily is not under any affirmative duty to give licensees warning of concealed perils although he might, by the exercise of reasonable care, have discovered the defect or danger which caused the injury. However, he owes a duty not *knowingly or willfully* to let the licensee run into, or expose him to, a hidden danger or peril.' "

The exceptions noted in the Maxwell case, supra, are not present here in that this stairway was not a concealed danger under the facts presented here. 25 A.L.R.2d 474.

The verdict and judgment of the trial court is reversed with directions to dismiss the case.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.