PAULINE FUCHS, Plaintiff and Respondent, v. HENRY HUETHER and DORA MAE HUETHER, Defendants and Appellants.

No. 11624.
Decided October 14, 1969.
459 P.2d 689.

12

Leonard H. Langen (argued), Glasgow, for appellants.

Gene Huntley, Baker, Hughes & Bennett, Helena, Michael J. Hughes (argued), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from the district court of Fallon County, following entry of a judgment in favor of plaintiff after a jury trial and award of damages against defendants.

From the record it appears that on the evening of March 8, 1967, one of the defendants, Dora Mae Huether, was hostess for a baby shower at her home in Baker, Montana. The plaintiff, Pauline Fuchs, grandmother of the girl for whom the shower was being given, had received an invitation to attend. The plaintiff arrived at defendants' home about 8:00 p.m. on the scheduled evening. Her husband, Henry Fuchs, stopped the car in front of defendants' home and plaintiff alighted. It was after dark but there were lights on inside the Huether home.

The defendants' house sits back from the street and there is no walk leading up to the front, or west side, of the home. There is, however, a sidewalk along the westerly and southerly side of the house. There is a 7-inch step which separates the two levels of the walk at the southwest corner.

The plaintiff proceeded across the lawn to the front door carrying her purse and a gift. Upon reaching the front door, which was illuminated by a 100 watt light from above, she perceived a sign on the door which read "Please Use Side Door". The plaintiff had never been to the defendants' home before and she therefore proceeded to follow the sidewalk beside the house to the southwest corner. From the corner she could see the side door at the rear of the house, which was illuminated by a 75 watt light. Looking in the direction of the lighted side door plaintiff started toward it. Unfortunately she failed to see the step separating the two levels

in the sidewalk and as a result she fell and being an elderly woman and overweight she was injured quite seriously.

As a result of this fall and the injuries she sustained she brought an action against the defendants. The jury awarded her a verdict of $3,103.75. Neither party was satisfied with the verdict; the defendants appealed and the plaintiff cross-appealed.

At the pretrial conference it had been agreed between the parties that the case would be tried on the theory plaintiff was a social guest and thus a licensee while on defendants' premises.

Plaintiff contended at the trial and she contends here that the defendants breached their duty to exercise reasonable care to warn their social guest of a hidden danger known to them. She also contends that defendants were actively negligent by directing her to use the side door.

Defendants, on the other hand, contend there was no hidden danger and that plaintiff as a mere licensee assumed the risk of being injured by going on their property. Defendants also contend plaintiff was contributorily negligent as a matter of law in that she did not exercise ordinary care by watching where she was going.

At the close of plaintiff's case, defendants made a motion for a directed verdict pursuant to Rule 50(a), M.R.Civ.P. This motion was renewed at the close of all the evidence, in both instances being denied. Subsequently defendants made a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), M.R.Civ.P. This motion also was denied.

Defendants raise several issues the most important of which is their claim that the district court erred in refusing to direct a verdict in their favor.

In considering this issue we are well aware of our prior decisions in which we have said that we would not presume the district court committed error. The defendants must assume the burden of showing that error was in fact commit-

ted. Bouma v. Bynum Irrigation District, 139 Mont. 360, 364 P.2d 47; Laughnan v. Sorenson, 139 Mont. 531, 366 P.2d 433.

The plaintiff argues this case is an exception to the rule of guest cases in that here the host knew of a concealed danger on the premises and is guilty of negligence in allowing the guest to come on the premises unwarned. She also contends defendants were actively negligent in directing her to use the side door without warning her of the step. In so contending she cites two recent cases of this Court, Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308; and LeCompte v. Wardell, 134 Mont. 490, 333 P.2d 1028.

We realize the import of these holdings of our obligation to sustain a jury finding when possible but under the facts presented here we must find that a directed verdict should have been granted under the laws of this state.

Here the sidewalk had been constructed with a step in it due to the two different levels of the ground upon which the house was built. We fail to perceive in any manner how negligence can be imputed to the defendants on the theory that the step was a hidden trap. The mere placing of a sign on the front door directing callers to use a side door can hardly be called an active operation on the part of defendants from which negligence could be imputed.

This Court has set forth the law of Montana as to the duty owed a social guest on several occasions. One of our more recent decisions is that of Maxwell v. Maxwell, supra, wherein this Court said:

"The duty to a licensee is generally stated as the duty to refrain from acts of willful and wanton negligence. * * *

"In 38 Am.Jur., Negligence, § 117, the duty to a social guest is stated as follows: "There is no duty on the part of the host to reconstruct or improve the premises for the purpose of making his house more convenient or more safe for those accepting his hospitality, gratuitously extended. The guest assumes the ordinary risks which attach to the premises. No

exception is made to the rule because of the fact that the guest enters on the host's express invitation to enjoy his hospitality. * * * A better reason for the rule is that a host merely offers his premises for enjoyment by his guests with the same security that the host and the members of his family who reside with him have. However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained.' "

Here the question arises as to whether the evidence showed a concealed danger. At the most it may be said that the step was concealed by darkness and since the licensee must take the premises as he or she finds them, the owner is not liable for a danger that is only concealed by the darkness of night and which is easily avoided by the exercise of ordinary caution.

Plaintiff contends that defendants were carrying on an active operation by placing a sign on the front door directing callers to use the side door and they were negligent in failing to warn her of the step. As authority for this proposition plaintiff cites Prosser Torts, 3rd Ed., Ch. 11, § 60, wherein dangerous activities are discussed. Professor Prosser states, at pp. 388-389:

"It is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee. *He must run his train, operate his machinery, or back his truck* with due regard for the possibility that the permission given may have been accepted and the licensee may be present." (Emphasis supplied.)

It is clear from the above emphasized statement that the carrying on of "active operations" means some type of activity on the part of the host. In the present case we have the mere placing of a sign on the front door directing persons to use

the side door. The host was not carrying on any activity which could be harmful to guests.

It is not the duty of a host to warn his guests of a danger which could be seen if ordinary caution and circumspection were exercised. Here the plaintiff admitted that she did not watch where she was going. On cross-examination she testified as follows:

"Q. Well, now when you were walking did you look down at the sidewalk" A. I looked where the light is.

"Q. You didn't look down? A. No.

"Q. You were always looking up then as you were walking, looking at a light? A. Yah.

"Q. When you got to the corner then you looked up at the light, you didn't look down? A. That is right.

"Q. When you say that is right that means you didn't look down at the sidewalk? A. I didn't look down."

While generally the question of contributory negligence is a question of fact, and therefore one to be determined by a jury, this Court has often held "it is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law." Ratzburg v. Foster, 144 Mont. 521, 398 P.2d 458. See also Presser v. Anderson, 146 Mont. 396, 407 P.2d 41; Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917. Here the plaintiff was contributorily negligent as a matter of law and the trial court erred in refusing to direct a verdict in favor of defendants.

Defendants raise several issues, one having to do with jury voir dire examination, others concerning the giving of some instructions and the refusal to give others. Because of the holding here, however, these issues need not be discussed.

The motions for a directed verdict were improperly denied.

The judgment of the district court is reversed and the cause remanded for dismissal.

MR. JUSTICES CASTLES, HASWELL and JOHN CONWAY HARRISON and the HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE BONNER, concur.