William J. BOADLE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 26706.

United States Court of Appeals, Ninth Circuit.

Jan. 22, 1973.

L. R. Bretz, Great Falls, Mont., for plaintiff-appellant.

Otis L. Packwood, U. S. Atty., William Brolin, Asst. U. S. Atty., Butte, Mont., for defendant-appellee.

Before HAMLIN, DUNIWAY and GOODWIN, Circuit Judges.

HAMLIN, Circuit Judge:

William Boadle appeals from a judgment of the United States District Court for the District of Montana, sitting without jury, denying him all recovery in an action brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346.

Appellant Boadle, then a 60-year old Montana rancher, sustained personal injury on March 24, 1967, when a bulldozer he was operating slid off Lick Creek Road, a snow-covered mountain road in the Lewis and Clark National Forest, Cascade County, Montana. Lick Creek Road was owned by and in the possession of appellee United States at the time of the accident.

Boadle had assented to a request by a cabin owner residing in the National Forest to clear a mountain road of snow so as to permit access to the cabin site. The cabin owner's property was adjacent to the road. Boadle entered the road through the entry of the National Forest with a T–6 International caterpillar tractor equipped with a dozer blade. He had plowed the road for just over a mile when he hit a sheet of ice beneath the snow and slid sideways off the road. The tractor rolled down a 45-degree slope and fell on top of Boadle, and he received very severe injuries as a result thereof.

In the subsequent Tort Claims[1] action, judgment was rendered in favor of the United States. On appeal, Boadle's two major contentions are that (a) he was erroneously labeled a licensee when in fact he was an invitee, and (b) even given his licensee status, there existed a duty on the part of the United States to warn him of the hazardous conditions of the road in question. We affirm.

The District Court concluded that Boadle entered the National Forest only as a licensee,[2] finding that he had forfeited a claim to invitee status by exceeding the scope of any conceivable invitation in at least two respects.[3] In making this determination the District Court relied on the specific nature of both the road itself and Boadle's activities thereon.

■■ Lick Creek Road, the site of the accident, is one of a network of roadways developed by the United States Forest Service in the Lewis and Clark National Forest, an essentially undeveloped hinterland. Testimony at trial by resident Forest Rangers indicated that the road is maintained principally for Forest Service purposes, although it is used by the general public. However, the road is closed by snow during portions of the year, and the District Court found that the Forest Service had never kept it open during the winter months. We agree with the District Court's conclusion that Lick Creek Road's use was one regulated by nature. Any invitation extended by the United States to the general public to travel thereon was premised upon the assumption that the road's physical condition would not present the hazards of winter passage. Boadle's actions in attempting to maneuver upon the road during the winter, at a time when it was covered with snow, were therefore inconsistent with the United States' invitation, and he was properly denied invitee status by the District Court.

Furthermore, we also agree with the District Court's conclusion that any invitation to use the road was limited to

---

1. 28 U.S.C. § 1346 provides in pertinent part:

 "(b) . . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. Under Montana law, to a licensee the landowner owes the duty to refrain from acts of willful and wanton negligence, State ex rel. Burlington North., Inc. v. District Court, Mont., 496 P.2d 1152 (1972); Nichols v. Consolidated Dairies, 125 Mont. 460, 239 P.2d 740 (1952), unless the landowner knows of the hidden danger, Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308 (1962), or there is active as distinguished from passive negligence, Le Compte v. Wardell, 134 Mont. 490, 333 P.2d 1028 (1959).

 To an invitee, the Montana landowner owes the duty to maintain the premises in a reasonably safe condition, or to warn him of any hidden danger. Dean v. First National Bank of Great Falls, 152 Mont. 474, 452 P.2d 402 (1969). Suhr v. Sears Roebuck and Co., 152 Mont. 344, 450 P.2d 87 (1969).

3. It is well established that an invitee may forfeit his status as such should he go beyond the scope of his invitation. *E. g.,* West v. Tan, 322 F.2d 924 (9th Cir. 1963).

 The Restatement of Torts, 2nd (1965), provides as follows:

 "§ 332 Invitee Defined

 * * * * *

 (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

 * * * * *

 "Comment on Subsection (2):

 d. *Land held open to the public.* Where land is held open to the public, there is an invitation to the public to enter for the purpose for which it is held open. Any member of the public who enters for that purpose is an invitee. Anyone who enters for another purpose is not an invitee unless (exception inapplicable)."

travelers thereon. It did not extend to independent contractors engaged in maintenance work with heavy equipment.

■ Secondly, Boadle argues that even assuming his licensee status, the District Court erred in concluding that the United States owed him no duty to warn of the road's hazardous icy conditions. We disagree. The District Court found that the United States did not know of the condition which led to appellant's accident, and therefore a duty to warn thereof did not arise. Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308 (1962).

The District Court's findings of fact further included the observation that "[i]t is not uncommon in Montana in the winter for snow to cover layers of ice." Boadle was certainly no stranger to the dangers created by Montana's winter elements, having lived in that state his entire life. He was therefore legally charged with the knowledge that operating a tractor upon a snow-covered mountain road presented certain dangers, including the possibility that ice might well lie beneath the snow.[4] Consequently, the United States owed him no duty of warning of this possible hazard.

■ We find no merit to Boadle's final contention that certain administrative regulations promulgated by the United States Forest Service created an independent duty upon the United States to warn him of the road's hazardous condition.

Judgment affirmed.

4. See Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921 (1968), where the Montana Supreme Court, in an action brought against a store owner by a business invitee who had slipped and fallen on defendant's snow covered parking lot, stated that " * * * where danger created by the elements such as the forming of ice and the falling of snow are universally known * * *, there is no

liability." 446 P.2d at 924. *But see,* Dawson v. Payless for Drugs, Inc., 248 Or. 334, 433 P.2d 1019 (1967), specifically rejected in *Luebeck.*