No. 12959

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ARTHUR STEEN,

Plaintiff and Appellant,

-vs-

ROSE GRENZ and CHRIS GRENZ,

Defendants and Respondents.

---

Appeal from: District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Roland V. Colgrove and John M. Kline, Miles City,
Montana
Roland V.Colgrove argued, Miles City, Montana

For Respondent:

Lucas, Jardine and Monaghan, Miles City, Montana
Thomas Monaghan argued, Miles City, Montana

---

Submitted: June 12, 1975

Decided: JUL 9 1975

Filed:

Thomas J. Kearney
                                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a summary judgment granted by the district court, Custer County, to defendants Rose and Chris Grenz. Plaintiff Arthur Steen brought the original action to recover damages for an injury allegedly suffered to his wrist while entering a restaurant owned by defendants.

Plaintiff, at approximately 1:30 a.m., April 10, 1969, ate dinner at the 600 Cafe owned by defendants. After paying for the meal he left through the restaurant's front door and went down the side street, heading towards his home. He stopped at the restaurant's side entrance to give his wife, who worked at the restaurant, a message to call him early that morning because he had to get to work earlier than usual that day. He stated that as he started up the stairs he stumbled over some debris on the steps, fell forward, and his hand broke the glass in the door seriously lacerating his wrist.

Steen filed a complaint alleging defendants were negligent in allowing the debris to accumulate around the door steps, especially in light of the fact defendants were aware the public used the side entrance to enter their restaurant.

Depositions were taken and after all discovery was completed defendants moved for a summary judgment. In support, they argued plaintiff was a licensee at the time he attempted to enter the restaurant's side entrance, there was no showing of willful or wanton negligence on the part of defendants, and that that is the only duty owed by the landowner to a licensee. The district court granted defendants summary judgment. Plaintiff appeals.

Four issues are presented for review:

1. Should this Court abandon the licensee, invitee, trespasser distinction?

2. Were defendants guilty of active negligence and therefore liable to plaintiff for the damages he suffered in spite of the licensee relationship?

3. Was plaintiff a licensee at the time the accident occurred?

4. Did defendants, as abutting owners, owe the duty to those using the sidewalk to use and keep their premises so as not to render the sidewalk unsafe for ordinary traffic?

First, plaintiff argues this Court should abandon the licensee, invitee, trespasser distinctions in favor of the reasonable negligence theory. We are not persuaded. The distinctions between invitee, licensee, and trespasser have been consistently applied in Montana's case law and we find no compelling reason to change those distinctions at this time.

Second, plaintiff argues there was active negligence on the part of defendants in allowing debris to collect on the steps of their restaurant. Further, that such active negligence is an exception to the rule that a landowner owes a licensee only the duty to refrain from wanton and willful negligence. We find that argument to be nothing more than a hybrid of plaintiff's first argument that this Court should abandon the distinctions between licensee, invitee and trespassers. Again, we cannot see any necessity to abandon this principle of law which has been the ruling law of Montana for many years.

Third, plaintiff alludes to the fact that at the time he was entering the restaurant's side entrance he was not a licensee. We cannot agree with any argument that plaintiff was not a licensee at the time he attempted to enter the entrance in question. He was entering for his own benefit, that is, to give his wife a message to phone him. The long standing law of Montana is that when a person enters another person's property for his own pleasure, convenience or benefit, he is a licensee and the owner of the property has a duty to the licensee to refrain from willful and wanton negligence. Jonosky v. Northern Pac. Ry.Co., 57 Mont. 63, 187 P. 1014.

Having determined plaintiff was a licensee at the time he attempted to enter the restaurant's side entrance; having reviewed the facts; and, having reviewed all discovery materials filed by both parties we can find no testimony which would tend to show willful and wanton negligence on the part of defendants. Since there is no issue of material fact and there has been no showing of willful and wanton negligence, summary judgment in favor of defendants was proper, unless an exception to the above stated rule would invoke liability on the defendants.

Plaintiff's fourth issue argues that defendants, as abutting owners, owe the duty to those using the sidewalk to use and keep their premises so as not to render the sidewalk unsafe for ordinary traffic. Plaintiff argues that by constructing concrete steps on the sidewalk on the side of their restaurant to be used for the purpose of entering it, defendants have a duty to the public to keep the steps free of obstructions and by not doing so they are liable to anyone injured by such negligence.

In Montana, the sidewalk is owned by the city. Mitchell v. Thomas, 91 Mont. 370, 8 P.2d 639. The general rule is that an abutting owner is not liable for the condition of the sidewalk in front of his premises, and he owes no duty to the traveling public to keep the sidewalk in front of his premises free from obstructions. Childers v. Deschamps, 87 Mont. 505, 290 P. 261.

Exceptions to this rule are coal holes, meter boxes, and other devices of similar character located in the sidewalk which benefit the abutting owner and are located where the general public is likely to walk. In those cases, it becomes the duty of the abutting owner to keep such devices in good repair. Headley v. Hammond Building, Inc., 97 Mont. 243, 33 P.2d 574. Steps used only for the purpose of ingress and egress of defendants' restaurant do not come within the exception to the general rule. Therefore, plaintiff's contention that defendants owed a duty to him

- 4 -

to keep the steps free of obstruction is without merit.

The district court properly granted summary judgment in favor of defendants.

The judgment of the district court is affirmed.

_Wesley Castles_
Justice

We Concur:

------------------------------------
Chief Justice

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_
Justices.