No. 13036

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

STATE OF MONTANA ex rel NORTHWEST AIRLINES,

Relator,

-vs-

THE DISTRICT COURT OF THE EIGHTH JUDICIAL
DISTRICT AND THE HON. TRUMAN G. BRADFORD, JUDGE
THEREOF, GEORGE GALE AND THE CITY OF GREAT FALLS,

Respondents.

--------------------------------------------------------

No. 13040

STATE OF MONTANA ex rel, THE CITY OF GREAT FALLS,

Relator,

-vs-

THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT
AND THE HON. TRUMAN G. BRADFORD, JUDGE THEREOF,
GEORGE GALE AND NORTHWEST AIRLINES,

Respondents.

_____

ORIGINAL PROCEEDING:

For Relators:

       Smith, Emmons and Baillie, Great Falls, Montana
       William L. Baillie argued, Great Falls, Montana
       Church, Harris, Johnson and Williams, Great Falls,
        Montana
       Cresap S. McCracken argued and R. Keith Strong
        appeared, Great Falls, Montana

For Respondents:

       Hoyt and Bottomly, Great Falls, Montana
       R.V. Bottomly argued, Great Falls, Montana
       Church, Harris, Johnson and Williams, Great Falls,
        Montana
       Cresap S. McCracken argued and R. Keith Strong
        appeared, Great Falls, Montana

_____

Submitted: May 23, 1975

Decided: AUG 22 1975

Filed: AUG 2 2 1975

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an application for a writ of supervisory control seeking an order to grant summary judgments to relators as applied for, or alternatively, should summary judgment not be granted, that an order be entered vacating a discovery order entered by respondent court in civil action 75146B, Cascade County, entitled "George Gale, Plaintiff, vs. City of Great Falls a Municipal Corporation, and Northwest Airlines, a corporation, Defendants."

This Court, after hearing relator Northwest Airlines ex parte, ordered an adversary hearing be held on May 23, 1975. The city of Great Falls, another named defendant in the same civil case, made application to this Court for the same relief and requested/with Northwest as joint relators which was granted.

Civil action 75146B arose out of a personal injury suit by plaintiff George Gale against relators Northwest Airlines and the city of Great Falls. The injury occurred when plaintiff fell and injured himself in the vicinity of Northwest's airplane which was parked for passenger boarding at Great Falls International Airport, June 28, 1972.

The undisputed facts reveal that plaintiff approached the airplane from the Great Falls terminal building for the sole purpose of retrieving a set of car keys from his nephew who was then his employee and who was on board the airplane as a passenger. Near the airplane he fell and fractured an ankle and twisted his back. He may have slipped in an oil spot; the oil may have been that of Northwest Airlines from a leak in an engine or it may have been from other unknown sources, inasmuch as the area was used by others from time to time for the transit and parking of vehicles and airplanes.

The rights of the airline to the use of the ramp area

where it customarily parks, are nonexclusive and established by an airport agreement with the city of Great Falls, which owns and operates the airport.

The events leading up to the actual injury show that plaintiff took his nephew, Bill Gale, to the airport in order for his nephew to take a flight. Plaintiff and his nephew were eating lunch when the nephew's flight was called. The nephew went to board the flight. After the nephew was on board the plane, plaintiff discovered his nephew had the keys to the car which plaintiff was to use to get back from the airport to his place of business. Plaintiff then got up and quickly proceeded to the gate where his nephew's plane was positioned for boarding. At the time of this accident, there were no security precautions as there are today. No one was at the gate, so plaintiff proceeded on through and headed for the plane to obtain the keys from his nephew. Plaintiff slipped in a puddle of unknown substance. Plaintiff testified:

> "Q. Well, it was apparent to you that it was a puddle after this happened? A. Right.
>
> "Q. But you had seen this prior to the time you fell? A. No.
>
> "Q. Where were you looking? A. I was looking straight ahead where I was going.
>
> "Q. You were looking at the airplane? A. Yes.
>
> " * * *
>
> "Q. And you hadn't seen it before you fell, because you were looking straight ahead; is that your testimony?
>
> " * * *
>
> "THE WITNESS: Right.
>
> " * * *
>
> "Q. * * * But it was clear to you after you fell there was a puddle there? A. Right.
>
> "Q. At least approximately six feet long, you described approximately? A. Right."

After all the discovery was completed and hearing was had, relators, city of Great Falls and Northwest Airlines moved for summary judgment. They asserted plaintiff at the time he proceeded to go to the plane, was at best a licensee and the only duty owed to him was to refrain from willful and wanton negligence. Further, relators argued plaintiff was guilty of contributory negligence in that he failed to look where he was going and the puddle of unknown substance which he slipped in was clearly in sight as evidenced by plaintiff's own testimony. Relators argue that plaintiff cannot collect, therefore, as a matter of law.

The district court denied the motion for summary judgment. From that denial relators being this application for a writ of supervisory control.

This Court, as recently as July 9, 1975, in its decision, Steen v. Grenz, ____Mont.____, ____P.2d____, 32 St.Rep. 686, re-affirmed that the distinctions between invitee, licensee, and trespasser still exist in Montana. As stated in Steen, the long standing law of Montana is that when a person enters another person's property for his own pleasure, convenience, or benefit, he is a licensee and the owner of the property has a duty to the licensee to refrain from willful and wanton negligence. In the instant case, plaintiff, George Gale, proceeded to the airplane to obtain the keys to his nephew's car, so that he would have transportation from the airport to his place of business. There is no doubt plaintiff, at the time of the accident, was engaged in an activity for his own pleasure, convenience and benefit, and therefore was a licensee. There was no benefit to the airlines or the city of Great Falls in plaintiff's retrieval of the car keys. Further, there was no showing of willful or wanton

- 4 -

negligence on the part of the airlines or the city of Great
Falls. We find, therefore, that neither the city of Great
Falls, nor Northwest Airlines can be held liable for the in-
juries suffered by plaintiff.

Plaintiff argues it was his employee who was aboard
the plane and the bringing of the employee to the airlines was
a mutual benefit for both the airlines' and plaintiff's business.
Therefore, plaintiff argues, he was engaged in an activity of
mutual benefit to the airlines and himself at the time of the
accident, and relators owed him a higher duty of care than a
licensee. We find however, that plaintiff's activity was too
far removed from the airlines' activity at the time of the acci-
dent to find any mutual benefit to both plaintiff and the airlines,
and again find no liability.

However, even if this Court had found plaintiff's activ-
ity to be of mutual benefit to both plaintiff and relators, we
would still be compelled to grant the writ of supervisory con-
trol as petitioned, for we find that at the time of the accident
plaintiff was contributorily negligent. Here, Montana's con-
trolling case is Fuchs v. Huether, 154 Mont. 11, 16, 459 P.2d 689.
Plaintiff in Fuchs was an elderly lady who was walking through
the dark of evening on defendant's sidewalk toward a lighted door,
when she tripped over a seven inch step. She was looking ahead
toward the lighted door, and not where she had to place her feet.
This Court discussed her conduct and its legal effect:

> "It is not the duty of a host to warn his guests
> of a danger which could be seen if ordinary
> caution and circumspection were exercised. Here
> the plaintiff admitted that she did not watch
> where she was going. On cross-examination she
> testified as follows:
>
> "'Q. Well, now when you were walking did you
> look down at the sidewalk? A. I looked where
> the light is.
>
> "'Q. You didn't look down? A. No.
>
> "'Q. You were always looking up then as you were

- 5 -

walking, looking at a light?  A. Yah.

"'Q.  When you got to the corner then you looked up at the light, you didn't look down?  A. That is right.

"'Q.  When you say that is right that means you didn't look down at the sidewalk?  A. I didn't look down.'

"While generally the question of contributory negligence is a question of fact and therefore one to be determined by a jury, this Court has often held 'it is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law.' [Citations omitted.]  Here the Plaintiff was contributorily negligent as a matter of law and the trial court erred in refusing to direct a verdict in favor of defendants."

Plaintiff's conduct in Fuchs and plaintiff's conduct in the instant case was the same.  By plaintiff's own admission the puddle was approximately 6 feet long.  He further testified he was looking straight ahead, rather than where he was walking. Therefore, but one reasonable conclusion can be reached from the facts in the instant case; plaintiff was contributorily negligent.

Finally, there is argument concerning whether the district court erred in granting plaintiff's motion to produce certain documents which are in relator Northwest Airlines' files.  However, since this Court has granted the petition for writ, it is unnecessary to discuss that issue.

This case is, therefore, remanded to the district court with instruction that it grant summary judgments to relators.

_____
                              Chief Justice

We concur:

_____

_____

_____
Justices

- 6 -

Mr. Justice Haswell, specially concurring:

I concur in the result on the sole basis that plaintiff's contributory negligence was established as a matter of law.

Plaintiff either did not see that which was directly in his line of vision, or he did not look where he was walking. In either event, plaintiff was guilty of contributory negligence barring any recovery as a matter of law.

_____
Justice

- 7 -