STATE EX REL. GEORGE KREITEL, PETITIONER, v. THE DISTRICT COURT OF THE SIXTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF CARTER AND THE HONORABLE ALFRED B. COATE, A JUDGE THEREOF, RESPONDENTS.

No. 12183.
Decided Dec. 28, 1971.
491 P.2d 1227.

### ORDER

PER CURIAM:

This is an application for a writ of supervisory control by petitioner George Kreitel from denial of summary judgment in a personal injury case.

One Steve J. Liss filed a personal injury action against defendant George Kreitel, John Doe No. 1 and John Doe No. 2 seeking damages for personal injuries suffered in an accident while plaintiff was drilling a water well on petitioner's land in Carter County, Montana. The action was filed in the district court of the sixteenth judicial district of the State of Montana, Carter County, before the Honorable Alfred B. Coate, District Judge. Answer was filed and depositions were taken from plaintiff, his wife and the three defendants. Thereafter defendants

moved for a summary judgment on the basis that their affirmative defense of assumption of risk was established as a matter of law. Judge Coate denied defendants' motion for summary judgment.

Following the ex parte presentations and filing of the writ for supervisory control herein by defendants below, this Court issued its order to show cause and heard argument from counsel for both parties, thereafter taking the matter under advisement.

Rule 56(c), M.R.Civ.P. provides a standard for determining if summary judgment should be granted in this language:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

A succinct statement of the controlling principle under this rule is found at 3 Barron & Holtzoff—Federal Practice and Procedure, Sec. 1234, p. 122:

"The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. The hearing on the motion is not a trial. * * *"

Also see Duchesneau et al. v. Silver Bow County et al. v. Mack Trucks, Inc. et al., 8T St.Rep. 732, 158 Mont. 369.

In the instant case there are several issues of material fact requiring submission to a jury for their determination and these issues cannot be determined as a matter of law. The existence or nonexistence of a valid defense of assumption of risk depends upon establishing certain facts upon which said defense is predicated. These facts have not been established as a matter of law.

Accordingly the petition for supervisory control is denied and the petition dismissed.