F. P. DUCHESNEAU ET AL., PLAINTIFFS AND APPELLANTS, v.
SILVER BOW COUNTY, A POLITICAL SUBDIVISION OF THE
STATE OF MONTANA, AND NEIL BOLTON, APPELLANTS, DEFEND-
ANTS AND THIRD PARTY PLAINTIFFS, v. MACK TRUCKS, INC.,
AND ROBERTS ROCKY MOUNTAIN EQUIPMENT COM-
PANY, THIRD-PARTY DEFENDANTS AND RESPONDENTS.
PAUL A. TALLON, PLAINTIFF AND RESPONDENT, v. SILVER
BOW COUNTY, MONTANA, ET AL., DEFENDANTS AND APPEL-
LANTS.

Nos. 11891, 12154.
Submitted June 17, 1971.
Decided Aug. 9, 1971.
Submitted on Rehearing Oct. 28, 1971.
Decided Dec. 8, 1971.
492 P.2d 926.

Mr. Justice Castles dissented and filed memorandum.

Mr. Justice Castles dissented from denial of rehearing and filed opinion in which the Hon. Thomas Dignan, District Judge, concurred.

Leonard Haxby, Lawrence G. Stimatz, County Atty., Butte, Mark P. Sullivan, argued, Butte, Neil J. Lynch, Butte, Knight, Dahood & Mackay, Anaconda, Wade J. Dahood, Anaconda, argued, Corette, Smith & Dean, Butte, Dolphy O. Pohlman, Jr., argued, Butte, Burgess, Joyce, Prothero & Whelan, Butte, for appellants.

Poore, McKenzie & Roth, Butte, Allen R. McKenzie argued, Butte, for respondents.

## No. 11891.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by various parties in a consolidated multiple party negligence case from separate orders granting summary judgment on the issue of liability and judgments entered accordingly. The orders and judgments were entered by the district court of Silver Bow County upon application therefor by the moving parties following extensive pretrial discovery.

On August 26, 1968, a water truck owned by Silver Bow County and operated by its employee, Neil Bolton, had an apparent brake failure and careened down a steep grade on Montana Street in Butte, Montana. It struck numerous vehicles, some of which were occupied, and crashed into the showroom of the Wilson Motor Company destroying the building. Numerous suits were filed against Silver Bow County for personal injuries and property damage. In each instance the defendant Silver Bow County filed a third party complaint naming Roberts Rocky Mountain Equipment Company and Mack Trucks, Inc. as third party defendants based upon

alleged negligent design of the air brake system and negligent installation of a power steering unit.

Subsequently Neil Bolton became a defendant and third party plaintiff with Silver Bow County. Two of the plaintiffs, Joseph L. Wilson, d/b/a Wilson Motor Company, and his property insurer, Hardware Mutual Insurance Company, filed an amended complaint naming Silver Bow County, Bolton, Roberts Rocky Mountain Equipment Company, and Mack Trucks, Inc., as parties defendant. The instant case represents ten suits which were consolidated for pretrial purposes, including rulings on the motions for summary judgment involved in this appeal.

Three motions for summary judgment were presented to the district court: Motion #1 asked the court to rule that the liability of Silver Bow County was limited to the extent of its liability insurance coverage. This motion was granted and is not involved in this appeal. Motion #2 was filed by plaintiff Georgia Reid, who asked for entry of summary judgment against defendant Silver Bow County on the issue of liability. It was stipulated by counsel for all plaintiffs that the decision of the court on this motion would control the suits of the other plaintiffs. The district court granted summary judgments in favor of all plaintiffs against defendant Silver Bow County on the issue of liability. This order and the partial summary judgment entered accordingly is being appealed in the instant case by defendants Silver Bow County and Bolton. Motion #3 was a motion for summary judgment and dismissal from all consolidated cases by defendants and third party defendants Roberts Rocky Mountain Equipment Company and Mack Trucks, Inc. The district court granted this motion and entered judgment thereon, from which Silver Bow County, Bolton, Joseph L. Wilson, d/b/a Wilson Motor Company are appealing in the instant case.

Pretrial discovery, principally by deposition, disclosed that the water truck in question was a 1957 Mack truck which had

originally been purchased by Roberts Rocky Mountain Equipment Company. Roberts in turn sold it to the Anaconda Company, where it was used as a water truck. In 1964, Roberts again acquired the truck from the Anaconda Company, who traded it in on a new unit. Roberts refurbished the truck and in late June or early July 1965, sold it to Silver Bow County. The truck had always been equipped with air brakes, but it did not have power steering. Silver Bow County returned the truck to Roberts in March 1967 to have a power steering unit installed. The power steering unit was air operated and utilized the air tank already on the truck. This air tank also supplied air for the brakes.

On August 26, 1968, the water truck was dispatched to North Montana Street to clean the county streets just north of the Butte city limits. Bolton, the driver and an employee of Silver Bow County, flushed North Montana Street with four or five loads of water he obtained from a nearby fire hydrant. Up to this point, the brakes and the power steering unit were working perfectly. In each instance Bolton used the brakes to stop at the hydrant.

Bolton returned to the fire hydrant to refill the truck. He parked the truck on the west side of Montana Street facing south with the wheels turned to the right. When the truck was filled, Bolton got back into it, disengaged the clutch and started the engine. When the clutch was disengaged, the truck started to move. Bolton turned the truck to the left and attempted to gear it down from the second lowest gear to the lowest gear. He attempted to apply the brakes to shift into the lowest gear but when he did so, the brake pedal went all the way to the floor and he had no braking power whatever. He began racing the motor in an unsuccessful attempt to build up air pressure to operate the brakes, throwing the gears into neutral so as not to accelerate the speed of the truck in the process. There was no warning buzzer to indicate that the air pressure had been lost, but there was an air pressure

gauge for the braking system on the dash which he checked and everything appeared normal at the time he got in the cab. The truck continued down Montana Street picking up speed, striking several vehicles, and finally crashing into the showroom of the Wilson Motor Company building.

The deposition of Charles Herndon, a licensed professional engineer and an associate professor of engineering at the Montana School of Mineral Science & Technology, was taken. He examined the water truck after the accident at the request of Silver Bow County. His examination revealed that when the wheels of the truck were placed in an extreme left-hand position, the left front tire would rub against one of the air lines of the power steering unit. His examination disclosed that the outer cover of the air line had been worn through and that there was a quarter inch hole in the air hose. This hole would allow air to escape into the atmosphere rather than operating the power steering. Herndon indicated that on this particular truck, the escape of air through the power steering unit, in his opinion, would deprive the truck of any braking power. He expressed his opinion that this one particular air hose was installed incorrectly so that the wheel could strike it.

Herndon further testified safe operation of the truck required that it have an audible warning device to warn of low air pressure in the braking system, and that he could find none on the truck during his examination and inspection. He also indicated that the power steering unit should have some type of device to control the air pressure, once the system started to leak. He stated that for safety purposes such a device should be located where the driver could close the line. In his inspection, he found no automatic or manual valve which would preserve air pressure for operation of the braking system on the truck if the power steering unit began to leak air.

The deposition of Harry Powley, parts manager for Roberts

Rocky Mountain Equipment Company for six months, and parts man for Roberts for the preceding 10½ years, was also taken. He testified that it was standard practice in the industry to equip trucks with audible warning systems and the water truck sold to Silver Bow County was equipped with such a device. He stated that Roberts had installed the power steering unit on the water truck in March 1967, and that it had been ordered from Mack Trucks, Inc. He stated the unit came in a kit and should have included both an automatic and manual shut-off valve, although he had no knowledge that they were actually installed on the truck. Powley indicated that the automatic shut-off valve was designed to shut off the power steering when the pressure in the air system drops below 55 pounds per square inch, and to preserve the remaining air pressure for operation of the air brakes. He also thought the manual shut-off valve was mounted on the outside frame of the truck where it could not be activated by the driver while sitting in the cab.

Alex Zbitnoff, the county surveyor, indicated that he did not believe the water truck was equipped with an audible warning device to indicate loss of air pressure. He also expressed the opinion that if the water truck had been free wheeling or out of gear and had attained sufficient momentum, the brakes of the truck would not have held it.

The shop foreman for Silver Bow County at the time of the accident, Frank Kinsella, testified that after the accident he became familiar with the power steering unit that Roberts installed and testified as to the purpose of the automatic and manual shut-off valves. He testified that he had no knowledge as to whether the valves were on the power steering unit at the time of the accident.

The first issue for review upon this appeal is whether the district court was correct in granting summary judgment to all plaintiffs against defendant Silver Bow County on the issue of liability.

Rule 56(c), M.R.Civ.P., provides the standard for determining if summary judgment should be granted, in this language:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * *."

A succinct statement of the controlling principle under this rule is found in 3 Barron and Holtzoff, Federal Practice & Procedure, § 1234, p. 122:

"The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. The hearing on the motion is not a trial * * *."

Rule 56(c), M.R.Civ.P., expressly provides for a partial summary judgment on the issue of liability:

"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Reviewing the pretrial discovery as a whole, we find that there are genuine issues of material fact presented concerning the liability of Silver Bow County. Initially, there is the ultimate factual question as to whether Bolton's acts or omissions were those of a reasonable man under the circumstances. His testimony upon deposition indicates the braking system on the water truck had been operating properly up to the time of the accident; implies that he looked at the air pressure gauge on the dash which showed sufficient air pressure to operate the braking system when he entered the cab after filling the water truck at the hydrant; that he disengaged the clutch in order to start the motor, pressed the starter button and started the motor, turned the wheels to get in the downhill lane of traffic; that the truck began moving faster than he desired; that he attempted to apply the brakes to shift from the second lowest gear to the lowest gear but

found he had no braking power; that he accelerated the motor while the gears of the truck were in neutral in an unsuccessful attempt to build up air pressure to operate the braking system without accelerating the speed of the truck; and, that the truck struck several cars and the Wilson Motors building. Whether any acts or omissions on the part of Bolton conformed to the standard of care of a reasonable man under the existing circumstances, is patently a jury question not subject to determination by the judge on motion for summary judgment.

While it is argued that Bolton was negligent per se by reason of violation of section 32-21-108, R.C.M.1947, prohibiting traveling on a down grade with the clutch manually disengaged, a well recognized exception is the case of an involuntary violation in an emergency due to circumstances beyond his control. Bale v. Perryman, 85 Idaho 435, 380 P.2d 501; Discargar v. City of Seattle, 25 Wash.2d 306, 171 P.2d 205; Ornales v. Wigger, 35 Cal.2d 474, 218 P.2d 531. The application of this exception raises factual questions.

In addition, there are numerous factual questions involved in determining whether any acts or omissions with which Silver Bow County is chargeable were the proximate cause of the accident. Aside from all other considerations and irrespective of the existence of negligence per se, the question of proximate cause remains a jury question. Pollard v. Todd, 148 Mont. 171, 418 P.2d 869; Faucette v. Christensen, 145 Mont. 28, 400 P.2d 883. Accordingly, it cannot be adjudicated upon motion for summary judgment where, as here, factual issues concerning negligence and causation are presented.

The second issue for review is whether the district court was correct in granting summary judgment and dismissal of Roberts Rocky Mountain Equipment Company and Mack Trucks, Inc., as defendants and third party defendants in all the consolidated cases.

Roberts and Mack Trucks initially contend the grant of

summary judgment and dismissal as to them was correct, because the acts and omissions of Neil Bolton constitute independent, intervening acts of negligence absolving them from liability. Suffice it to say that our previous holding that material issues of fact exist concerning any negligence on his part proximately causing the accident renders this contention untenable.

Next, Roberts and Mack Trucks argue that the third party complaints of Silver Bow County do not state a claim against them, because there is no right to contribution among joint tortfeasors in Montana and there is no right of indemnity until after payment. This argument misconstrues the gist of the third party claim of Silver Bow County against Roberts and Mack Trucks. Silver Bow County contends it was not negligent and no act or omission with which it is chargeable proximately caused the accident and that liability rests solely on Roberts and Mack Trucks. Here also, our previous holding that there are material issues of fact as yet unresolved concerning the liability of Silver Bow County and Bolton, renders the application of joint tortfeasor and indemnity principles premature. Accordingly, this contention fails.

Finally, Roberts and Mack Trucks assert that the amended complaint of Wilson Motors and its property damage insurer against them does not state a claim based on § 402A of 2 Restatement of Torts 2d, because neither plaintiff is a user or consumer entitled to relief within the meaning of that section and also because some courts have held that this section does not allow recovery on property damage claims. We find it unnecessary in this case to determine whether § 402A should be adopted as the law of Montana.

The gist of the claim by Wilson Motors and its property damage insurer against Roberts and Mack Trucks is negligent design and installation of the power steering unit, constituting the proximate cause of the accident. The district court previously denied a motion to dismiss for failure to state a claim.

Ultimate material factual issues remain unresolved following pretrial discovery: (1) Was the power steering unit in fact improperly designed or installed? (2) If so, was this the proximate cause of the accident? Professor Herndon's deposition tends to support both improper design and installation. The ultimate questions of proximate cause remain unresolved. Accordingly, we are unable to say as a matter of law that the claim of Wilson Motors and its insurer should be dismissed.

It is argued that there is simply no basis for liability on the part of Mack Trucks inasmuch as their last connection with the water truck was in 1957, substantial changes were made in it by installation of the power steering unit in 1967, and assumption of the contractual duty of repair and maintenance by Silver Bow County all relieve it from liability. If these were the undisputed facts, there would be some merit to Mack Truck's position. However, the deposition of Harry Powley, the parts manager for Roberts, indicates the contrary. In testimony concerning the power steering unit installed on the water truck in 1967 prior to the accident, Powley had this to say:

"Q. I believe we have mentioned Air-O-Matic? A. That is a brand name of the supply unit. This is the original manufacturing company for the Air-O-Matic.

"Q. You deal with that company generally? A. No. *This particular unit was purchased through Mack Truck.*" (Emphasis added)

And again:

"Q. Do you have that, or since you do have the units, do you have one available in the shop? A. No. They are a special order item only. I assume you are referring to the steering unit.

"Q. In other words, you had one when you installed it back in 1967? A. *I ordered it special for the application.*

"Q. In 1967? A. Right, for Mr. Zbitnoff." (Emphasis added)

The foregoing testimony indicates the power steering unit

was purchased in 1967 from Mack Trucks and if it was in fact negligently designed, there is a possible basis for strict products liability against Mack Trucks. Although Mack Trucks argues that the testimony of Powley, heretofore quoted, was clearly erroneous and was cleared up later in his deposition where he indicated that the power steering kit was ordered from Air-O-Matic, it is clear that in this later testimony Powley was referring to a power steering kit for the truck following the accident:

"Q. You have testified that these kits must be ordered from Air-O-Matic? A. Yes.

"Q. Did you order one of the systems for the county *when they replaced it?* A. No." (Emphasis added)

For the foregoing reasons the order granting summary judgment in favor of Roberts and Mack Trucks and dismissing them from the consolidated cases was error.

Accordingly, both orders for summary judgment herein appealed and the judgments entered in conformity therewith are ordered vacated. The consolidated cause is remanded to the district court for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HARRISON and DALY, concur.

MR. JUSTICE CASTLES, (dissenting):

I dissent. I would find the district court action in granting summary judgment to be correct.

On Rehearing of No. 11891 Consolidated with Appeal from

No. 12154.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Subsequent to our opinion in cause No. 11891, Duchesneau et al. v. Silver Bow County et al. v. Mack Trucks, Inc. et al.

reported in 28 St.Rep. 732, we granted rehearing. Additionally, we consolidated the appeal in cause No. 12154, Tallon v. Silver Bow County, with such rehearing as the rights of the parties in *Tallon* were directly affected by our opinion in *Duchesneau.*

Tallon is one of the plaintiffs whose case was consolidated in *Duchesneau* for pretrial determination of liability on motion for summary judgment. After the district court entered summary judgment for all plaintiffs against Silver Bow County on the issue of liability, *Tallon* was tried to a jury on the issue of damages alone and resulted in a jury verdict and judgment in his favor against Silver Bow County for $18,500. Thereafter the appeal in *Duchesneau* was argued before this Court at which plaintiff's counsel in *Tallon* did not appear and participate. Our opinion in *Duchesneau* followed on which we subsequently granted rehearing and consolidation with the appeal in *Tallon.*

We now affirm our previous opinion in *Duchesneau* reported in 28 St.Rep. 732. Two matters require further comment herein.

Upon rehearing it was argued that the summary judgment of the district court against Silver Bow County on the issue of liability was not an issue upon appeal in Duchesneau, in view of our prior dismissal of the appeal of Silver Bow County on February 2, 1971. There would be merit to this contention if the *Duchesneau* appeal involved only the rights of the plaintiffs against Silver Bow County. But *Duchesneau* also involves the rights of two plaintiffs, Wilson Motor Company and American Hardware Mutual Insurance Company, directly against defendants Mack Trucks, Inc. and Roberts Rocky Mountain Equipment Company as well as against defendants Silver Bow County and Neil Bolton; it also involves the rights of third party plaintiffs Silver Bow County and Neil Bolton against third party defendants Mack Trucks, Inc.

and Roberts Rocky Mountain Equipment Company. The respective liability of each of these parties to the plaintiffs is so inextricably interwoven with the corresponding rights and liabilities of each to the other that they defy any logical separation. Accordingly, the liability of Silver Bow County as a matter of law is definitely in issue upon appeal under the issues raised by Wilson Motor Company and American Hardware Mutual Insurance Company against the summary judgment dismissing Mack Trucks, Inc. and Roberts Rocky Mountain Equipment Company from the case. This latter summary judgment is tantamount to adjudicating Silver Bow County solely liable as a matter of law.

The second matter requiring mention herein is the appeal in *Tallon*. From what has been said heretofore in the original opinion in *Duchesneau* and affirmed on rehearing, the summary judgment against Silver Bow County on the issue of liability is incorrect and must be set aside as there are factual issues requiring jury determination. As *Tallon* was tried to the jury on the issue of damages alone with Silver Bow County precluded from contesting liability, the judgment entered therein on March 29, 1971 is hereby vacated and set aside and the cause remanded to the district court of Silver Bow County for a new trial on all issues.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICE DALY, concur.

MR. JUSTICE CASTLES, (dissenting).

I dissent. In the previous opinion, affirmed here today on rehearing, I dissented without stating my reasons. I am compelled to briefly state my reasons now.

While I have dispute with the manner in which the facts are put forth in the majority opinion in its effort to find some "genuine issue of material fact" as to Mack Trucks, Inc. and Roberts Rocky Mountain Equipment Co., I shall not dwell on

that other than to say that the testimony of Harry Powley relied upon as to the purchase of an Air-O-Matic kit from Mack Trucks, Inc. simply ignores Powley's other testimony which made it clear that he did not order the kit through Mack Trucks, Inc. I assume that subsequently this same "fact" will be made not only clear, but crystal clear, at which time obviously Mack Trucks, Inc. will be entitled to a summary judgment.

However, the real vice in the majority opinion is this: Plaintiff (I shall refer to all plaintiffs collectively and in general) brought a simple, "garden variety" action of negligence against Silver Bow County and its truck driver Bolton [not all plaintiffs joined Bolton] for damages resulting from a runaway truck which obviously was negligently operated, so much so that the district judge ruled the county liable as a matter of law. Defendants, under the purported authority of Rule 14, M.R.Civ.P., chose to file a third party claim against two more defendants—note, not for damages to themselves, but rather under a theory of their being joint tortfeasors!

To make it even more clear what this Opinion is approving and overruling a district court to do, we reiterate what the majority holds:

Next Roberts and Mack Trucks argue that the third party complaints of Silver Bow County do not state a claim against them, because there is no right to contribution among joint tortfeasors in Montana and there is no right of indemnity until after payments. This argument misconstrues the gist of the third party claim of Silver Bow County against Roberts and Mack Trucks. Silver Bow County contends it was not negligent and no act or omission with which it is chargeable proximately caused the accident and that liability rests solely on Roberts and Mack Trucks. * * *"

Now then, what is the gist of the third party claim of Silver Bow County? According to what is denominated an

answer, third party complaint and demand for jury trial, after admitting the accident and denying any damages asserted sovereign immunity as a third defense and then in a third party complaint alleged:

"I That the plaintiff, Ray Reid, has filed against the defendant a complaint for property damage in the instant case.

"II That the negligence, damage and liability alleged by RAY REID in his complaint is not the liability of SILVER BOW COUNTY and the accident made the basis of said complaint was beyond the control of the said SILVER BOW COUNTY and the THIRD-PARTY DEFENDANTS are liable for said accident and any proximate damage or injury therefrom for the following reasons:

"a. That the said water truck manufactured by the defendant, MACK TRUCKS. INC., and sold by the defendant, ROBERTS ROCKY MOUNTAIN EQUIPMENT COMPANY, as the retailer was negligently designed in that there was a failure to install a warning device common to such vehicles warning of the loss of air for the brake system which said warning device if it had been installed would have prevented the accident and the proximate damage and injury.

"b. That MACK TRUCKS, INC., one of the third-party defendants, negligently designed the said truck in this case in not designing and installing a shut-off valve out of the air tank in the cab of said truck so that any loss of air to the steering could be shut off by the driver so that he would still have steering control and if this had been done, the accident could have been prevented.

"c. That ROBERTS ROCKY MOUNTAIN EQUIPMENT COMPANY, a third-party defendant, negligently installed a different power steering unit in not installing a shut-off valve between the air source and the steering unit in the cab of said truck and had the shut-off valve been installed in said cab of said truck as recommended by the manufacturer of said

power steering unit, 'Air-o-Steer', the accident would have been prevented.

"WHEREFORE, defendant, SILVER BOW COUNTY prays that the plaintiff take nothing by virtue of his complaint and the said Third-Party Plaintiff further demand judgment against the Third-Party Defendants for all sums that may be adjudged against the said SILVER BOW COUNTY in favor of the plaintiff, RAY REID."

Notice, no allegation of damage to either Bolton or the county was alleged. A straight allegation against a joint tortfeasor, regardless of what it attempts to say.

Rule 14(a), M.R.Civ.P. does not authorize a third party action where no substantive right exists under the state law. No right of reimbursement, indemnity, or contribution at this stage exists.

In Panasuk v. Seaton, 277 F.Supp. 979, 980, 985 (D.C.Mont. 1968), the court correctly denied either contribution or indemnity in a vehicle collision case, stating:

"Third-party defendant first contends that the claim of third-party plaintiffs in effect seeks contribution between joint tortfeasors, and that this may not be done under the law of Montana. Third-party plaintiffs contend (1) that the law of Montana does not prohibit application of the doctrine of 'contribution;' and (2) if the amended complaint does not state a claim for relief for 'contribution,' it does state a claim for relief in 'indemnity.'

"The rule is well settled in Montana that, 'if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all.' Jones v. Northwestern Auto Supply Co., 1932, 93 Mont. 224, 231, 18 P.2d 305, 307. In Variety, Inc. v. Hustad Corporation, 1965, 145 Mont. 358, 368, 400 P.2d 408, 414, 401 P.2d 581, the Montana court also recognized the general rule that 'one of several wrongdoers cannot recover against another

wrongdoer although he may have been compelled to pay all the damages for the wrong done'."

The court further stated in *Panasuk* with respect to indemnity:

"As noted supra, no case has been found where this rule has been extended to a collision between two motor vehicles. If indemnity were permitted in a case of this nature, it could arise in any action where a third person had a possible cause of action against two motorists. Each motorist could claim indemnity by alleging gross negligence of the other. This would result in the undesirable situation suggested by the Wisconsin court in Jacobs. The plaintiff in this action in order to recover from the defendants must of course prove that the defendants were negligent and that their negligence was a proximate cause of plaintiff's injury. If this is not established, there is no liability, and no question of possible indemnity could arise. It is my conclusion that this is not a case where the principles of indemnity are applicable."

Also in *Panasuk* the court noted the rule stated in Restatement, Restitution § 102:

" 'Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other.' "

Also see: 41 Am.Jur.2d, Indemnity, § 21, p. 710.

Thus, here the majority is approving the use of third party actions in negligence cases so as to allow complicating charges of products liability and other ramifications to interfere with the choice of plaintiff as to whom he wants to sue. Plaintiff here chose the parties directly responsible. Plaintiff must now be startled to find his choice of defendants thwarted by third party claims and his $18,500 jury verdict set aside in at least one case.

I would withdraw the Opinion rendered in Cause No. 11891

and would affirm the summary judgments there. I would also affirm the judgment in favor of plaintiff Tallon in Cause No. 12154.

THE HONORABLE THOMAS DIGNAN, District Judge, siting for MR. JUSTICE JOHN CONWAY HARRISON.

I concur in the foregoing dissent of MR. JUSTICE CASTLES.