**Jon BERGE,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**BOYNE USA, INC., a Michigan corporation,**
**Defendant-Appellant/Cross-Appellee.**

**Nos. 84–4428, 85–3586.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1985.

Decided Jan. 9, 1986.

Theodore Russ Dunn, Goetz, Madden & Dunn, Bozeman, Mont., Terry Trieweiler, Hoyt & Trieweiler, Whitefish, Mont., for plaintiff-appellee, cross-appellant.

* Honorable Robert E. Coyle, United States District Judge for the Eastern District of California,

Gig A. Tollesfen, Berg, Coil, Stokes & Tollesfen, Bozeman, Mont., for defendant-appellant, cross-appellee.

Before REINHARDT and BEEZER, Circuit Judges, and COYLE,* District Judge

PER CURIAM:

■ In this diversity action defendant appeals on the ground, inter alia, that the district court incorrectly concluded that Montana has abandoned the distinction between "trespassers," "invitees," and "licensees" when determining the duty of care a property owner owes to someone who is injured on its property. We review *de novo* the district court's interpretation of state law. *In re McLinn,* 739 F.2d 1395 (9th Cir.1984) (en banc).

■ Until recently, it was unclear whether, under Montana law, a property owner's duty of care depended on the status of the injured party. *See Harmon v. Billings Bench Water Users Association,* 765 F.2d 1464, 1467 n. 3 (9th Cir.1985). *Compare Corrigan v. Janney,* 626 P.2d 838 (Mont. 1981) (status irrelevant) *with Cereck v. Albertson's Inc.,* 195 Mont. 409, 637 P.2d 509 (1981) (status relevant). The Montana Supreme Court has now clarified the matter, however. In *Limberhand v. Big Ditch Co.,* 706 P.2d 491, 496 (Mont.1985), the court held that the status of the injured party is irrelevant in determining the duty of care owed to him. The holding to the contrary in *Cereck* was stated to be "not correct." *Id.* Accordingly, the district court was correct in holding that the duty of care defendant owed to plaintiff did not depend on whether plaintiff was a "trespasser," "licensee," or "invitee."

The other issues raised are discussed in a separate memorandum disposition filed

sitting by designation.

concurrently herewith and the judgment of the district court is affirmed.

AFFIRMED.