No.   95-033

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CARL BROWN,

     Plaintiff-Appellant,

-v-

GARY DEMAREE,

     Defendant-Respondent.

**FILED**

AUG 21 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Carl A. Hatch, Richard J. Pyfer, Kirk S. Bond,
Small, Hatch, Doubek & Pyfer, Helena, Montana

     For Respondent:

          Jacqueline T. Lenmark, Keller, Reynolds, Drake,
Johnson & Gillespie, Helena, Montana

Submitted on Briefs:   June 29, 1995

Decided:   August 21, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Carl Brown (Brown) appeals from an order of the First Judicial District Court, Lewis and Clark County, granting summary judgment to Gary Demaree (Demaree) on Brown's complaint in negligence for personal injuries. We reverse and remand for further proceedings.

Background

In addition to the pleadings, motions and briefs, the record on appeal consists solely of Brown's deposition. On that record, the following material facts are not in dispute. On January 15, 1994, between 4:30 a.m. and 5:00 a.m. or a little after, Brown, working as a substitute newspaper carrier for the Helena *Independent Record*, injured his knee when he fell while attempting to deliver a newspaper to Demaree's Helena residence. Brown's deposition indicates that he was unfamiliar with the route and the residence and that he was working from a computer listing of the residences to which he was to deliver newspapers. When Brown arrived at Demaree's residence it was still dark and there were no street lights in the vicinity or lights illuminating the residence or porch. Brown carried a flashlight which he used to verify the house number but which, as a courtesy to the occupants, he turned off at the curb before approaching the residence.

Brown stated in his deposition that, after turning off his flashlight, he approached the Demaree residence via the sidewalk. The sidewalk leading to the front door of the residence is designed in such a fashion that it terminates in two steps that dog-leg to the left down to a landing. From the landing three steps lead up

2

to the front porch and door. According to Brown, as he approached the house, he did not see the two-step drop-off and injured his knee when he fell to the landing after missing the two steps in the dark. Brown also stated that he fell simply because he did not see the two-step drop-off. There were no obstructions or objects on the sidewalk and, aside from a possible light skiff of snow, the sidewalk surface was not icy or slippery. Brown testified:

> I remember going straight up the sidewalk and I was looking -- going to the front door to put the paper by the front door or behind the storm door like we always do, and when I took -- I just run out of the sidewalk and that's when I took a fall. It had a drop-down, and I didn't expect a drop-down.

In District Court, Brown contended that Demaree failed in his duty to maintain his premises in a reasonably safe condition and, further, to warn Brown of the hidden and lurking danger in the sidewalk/step-down/landing arrangement at the approach to Demaree's home.

While agreeing that a property owner has a duty to maintain his sidewalk in a reasonably safe condition and to warn of hidden and lurking dangers, in granting Demaree's motion for summary judgment, the trial court concluded that Demaree had "done all that society can reasonably ask of him in this regard," and that Brown's position "would require a home owner to keep his premises constantly illuminated [which] places an unreasonable burden on the homeowner which the law does not contemplate." The trial court also observed that Brown carried a flashlight but chose not to use it as he approached the house. In rendering its decision, the District Court relied on our opinion in Fuchs v. Huether (1969),

3

154 Mont. 11, 459 P.2d 689.

## Discussion

The issue on appeal is whether the District Court erred in granting Demaree's motion for summary judgment. Summary judgment is proper only when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. Rule 56(c) M.R.Civ.P. Our review of the trial court's grant of summary judgment is *de novo*; we utilize the same criteria as the district court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

A cause of action in negligence consists of four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. Hatch v. Dept. of Highways (Mont. 1994), 887 P.2d 729, 732, 51 St.Rep. 1512, 1514. The first element of a negligence claim, duty, is a question of law. Hatch, 887 P.2d at 733 (citing Geiger v. Department of Revenue (1993), 260 Mont. 294, 297, 858 P.2d 1250, 1252). Here, the District Court correctly acknowledged the rule that the owner of a premises has a duty to use ordinary care in maintaining his premises in a reasonably safe condition and to warn of any hidden or lurking dangers. Limberhand v. Big Ditch Co. (1985), 218 Mont. 132, 144-45; 706 P.2d 491, 498; Davis v. Church of Jesus Christ of LDS (1990), 244 Mont. 61, 67, 796 P.2d 181, 184. Given this rule of law, it is clear, and the parties agree, that Demaree had a duty to provide that the sidewalk leading to his residence is reasonably safe. See Davis, 796 P.2d at 184.

While, as pointed out above, the *existence* of a duty is a question of law for determination by the court, whether that duty

4

has been *breached*, is a question of fact to be decided by the finder of fact--in this case, the jury. Limberhand, 706 P.2d at 498-99. See also, Simmons v. Jenkins (1988), 230 Mont. 429, 435, 750 P.2d 1067, 1071 (the *breach* of a duty [of good faith] is a question of fact not susceptible to summary judgment).

Here, then, the critical issue is whether Demaree's failure to illuminate his sidewalk or to warn of the sidewalk/step-down/landing arrangement constituted a breach of his duty to use ordinary care in maintaining his premises in a reasonably safe condition and to warn of any hidden or lurking dangers. While the trial court resolved that question as a matter of law in favor of Demaree, whether Demaree breached his duty was one of fact which should have been determined by the jury. As we stated in Limberhand,

> Appellant contends that the question of whether [defendants] breached the common law duty to keep the premises reasonably safe and to warn of any hidden or lurking danger is one a jury should decide. We agree.
>
> . . .
>
> What constitutes reasonably safe premises is generally considered to be a question of fact [depending] to a large extent on what use the property is put to, its setting, location and other physical characteristics, and the type of person who would foreseeably visit the premises, as well as the specific type of hazard or unsafe condition alleged. These and other factors are embodied in the legal concept of "reasonable under the circumstances."

Limberhand, 706 P.2d at 498-99.

Ordinarily, negligence actions involve questions of fact and are not susceptible to summary judgment. Brohman v. State (1988), 230 Mont. 198, 201, 749 P.2d 67, 69. Summary judgment is never to

5

be used as a substitute for trial if a factual controversy exists. Hagen v. Dow Chemical Co. (1993), 261 Mont. 487, 491, 863 P.2d 413, 416. It is only where reasonable minds cannot differ, that questions of fact can be determined as a matter of law. Brohman, 749 P.2d at 70. We conclude on the record here, that reasonable minds could differ on whether Demaree should have illuminated the sidewalk/step-down/landing area at the approach to his home or warn of that arrangement and that the District Court should have left the resolution of that question to the jury.

In that regard, our decision in Fuchs is not dispositive. See Fuchs, 439 P.2d 689. While factually similar in some respects, we did not, in that case, articulate the same duty of care on the part of the landowner that our current case law requires. Rather, in reversing the trial court's refusal to grant a directed verdict and dismiss the plaintiff's complaint, we focused on the landowner's duty to social guests and his duty to refrain from acts of willful and wanton negligence. We concluded that the landowner was not liable for a danger (a step) that is only concealed by darkness of night and which is easily avoided by the exercise of ordinary care. Fuchs 459 P.2d at 691. While Fuchs may have correctly stated the law in 1969, it, nevertheless, does not comport with more current case law involving landowner premises liability, which, among other things, no longer recognizes the status of the party on the property as controlling the owner's duty. See, Limberhand, 706 P.2d at 496, 498; Berge v. Boyne USA, Inc. (9th Cir. 1986), 779 F.2d 1445. As we stated in Corrigan v. Janney (1981), 192 Mont. 99, 626 P.2d 838, and then reaffirmed in Limberhand, "[t]he

6

direction the law is now taking clearly is toward ' " ' imposing on owners and occupiers a single duty of reasonable care in all circumstances' " ' . . . ." (citation omitted). Corrigan, 626 P.2d at 841; Limberhand, 706 P.2d at 496, 498. About the most that can be said for Fuchs is that we decided as a matter of law, then, an issue of fact that under current case law is properly left to the jury.

In the instant case, the District Court pointed out that the sidewalk/step-down/landing arrangement was concealed only by darkness and "was not one that was something unusual such as a hole in the sidewalk or abrupt protruding crack in the sidewalk." In Limberhand, we held that a question of material fact existed as to whether the irrigation ditch (which in that case was open and obvious) could present sufficient danger to persons using the landowners' property so that by not taking any remedial or warning measures the landowners may have breached their duty to keep the premises reasonably safe. We also held that whether this duty had been breached was a jury question. Limberhand, 706 P.2d at 499.

In this case, application of the rule set out in Limberhand is even more compelling, where darkness concealed the manner in which the approach to Demaree's residence was constructed. Whether the sidewalk/step-down/landing arrangement in Demaree's sidewalk is "unusual," and whether he should have anticipated or had reason to believe that a person using the sidewalk in the darkness would be injured by stepping into the unlighted drop-down, are clearly factual questions which should have been resolved by the jury, and not by the trial court. See Limberhand, 706 P.2d at 499.

7

Additionally, we disagree with Demaree and with the District Court that Brown's position would require a homeowner to keep his premises constantly illuminated. That is not the burden which the law imposes nor is that a rule for which this case can be cited. The law simply requires the homeowner to keep his premises reasonably safe and to warn of any hidden dangers while taking into consideration the use to which the property is put, its setting, location, and other physical characteristics, along with the type of person who would foreseeably visit the premises, as well as the specific type of hazard or unsafe condition alleged. Limberhand, 706 P.2d at 498-99. That test is to be applied by the jury to the facts of *this* case; whether some other landowner under different factual circumstances is required or is not required to illuminate his particular property is not at issue.

Demaree also argues that § 27-1-701, MCA (1993), governs this case. That section provides:

> Except as otherwise provided by law, everyone is responsible not only for the results of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person except so far as the latter has willfully or by want of ordinary care brought the injury upon himself.

Demaree, correctly, points out that Brown turned off his flashlight before approaching the house in the dark on an unfamiliar walkway, and concludes that, in so doing, Brown himself brought about the accident. We agree with Demaree that § 27-1-701, MCA, is applicable. We disagree, however, that application of this statute necessarily supports summary judgment. Whether, under the statute, Demaree breached his statutory duty to use "ordinary care or skill

8

in the management of his property" and whether Brown, in turning off his flashlight, "by want of ordinary care brought [on his own] injury," are simply factual questions that are appropriately resolved by the finder of fact. It is up to the jury to determine whether and, if so, to what extent, either Demaree, Brown or both were negligent in this case. See, Limberhand, 706 P.2d at 496-97, 498-99.

We have considered the other authorities and arguments raised by Demaree in his brief, but, nevertheless, conclude that, on the record here, there were genuine issues of material fact, as discussed above, that should have been decided by the jury. Accordingly, we hold that the summary judgment was improperly granted.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
Karla M. Gray

_____
William E. Hunt

_____
Terry Trieweiler

_____
W. William Leaphart
Justices