No. 95-006

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DARLENE M. VINCELETTE,

Plaintiff and Appellant,

v.

METROPOLITAN LIFE INS. CO.
and BILLINGS SHERATON HOTEL,

Defendants and Respondents.

FILED

OCT 12 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Randy S. Laedeke, Laedeke Law Office, Billings,
Montana

For Respondent:

Calvin J. Stacey, Stacey & Walen, Billings, Montana

Submitted on Briefs:   July 27, 1995

Decided:   October 12, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant brought suit against respondents in the Thirteenth Judicial District Court, Yellowstone County, seeking to recover for injuries sustained when she fell in the Billings Sheraton Hotel. At the close of discovery, respondents moved for summary judgment, claiming no material issues of fact remained in dispute, and therefore they were entitled to summary judgment as a matter of law. After the motion was briefed by both parties, the District Court entered summary judgment in respondents' favor. Appellant appeals and we reverse.

The sole issue raised on appeal is whether the District Court erred in granting summary judgment.

On March 20, 1989, appellant fell while entering the Billings Sheraton Hotel (the Hotel). According to her complaint, she was in the foyer of the parking lot entrance, between the inner and outer sets of doors. She approached the inner doors and then stepped backwards to allow them to be opened out towards her. As she stepped back, she fell and injured her back. Appellant believes she fell because she had caught the heel of her high-heeled shoe in a small hole in the carpet and could not maintain her balance as she stepped back. She therefore alleges her fall was caused by either a defect in the carpet or negligent maintenance of the carpet.

The Hotel generally denied the allegations, and both sides conducted discovery. At the end of discovery, respondents moved for summary judgment, which was granted by the District Court.

2

Did the District Court err in granting respondents' motion for summary judgment?

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Brown v. Demaree (1995), ___ Mont. ___, ___, 52 St.Rep. 819, 820; White v. Murdock (1994), 265 Mont. 386, 389, 877 P.2d 474, 476. In summary judgment cases, this Court's standard of review is identical to the trial court's, and we will utilize the same criteria employed by the trial court to determine whether summary judgment should have been granted. Brown, 52 St.Rep. at 820; Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

The party seeking summary judgment bears the burden of demonstrating the absence of genuine factual issues. If the moving party demonstrates such an absence, then the burden shifts to the non-moving party, who must show that a genuine issue of fact does exist. First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 303, 794 P.2d 679, 681. All inferences which may be reasonably drawn from the record are to be drawn in favor of the non-moving party. Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069; Reaves v. Reinhold (1980), 189 Mont. 284, 287, 615 P.2d 896, 898.

A cause of action in negligence consists of four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. Brown, 52 St.Rep. at 820, citation omitted. Negligence cases are generally not susceptible to summary judgment. Brown, 52 St.Rep.

at 820; See also Dillard v. Doe (1992), 251 Mont. 379, 382, 824 P.2d 1016, 1018-19; Brohman v. State (1988), 230 Mont. 198, 201, 749 P.2d 67, 69. In particular, negligence cases where the question of causation is in dispute are rarely amenable to summary judgment because "it is axiomatic that questions of causation are for the finder of fact to decide." Bossard v. Johnson (1994), 265 Mont. 272, 281, 876 P.2d 627, 632 (Nelson, J., dissenting).

In the case at bar, appellant was at the Hotel as a guest, and, as such the Hotel owed to her a duty of due care. "[T]he owner of a premises has a duty to use ordinary care in maintaining his premises in a reasonably safe condition and to warn of any hidden or lurking dangers." Brown, 52 St.Rep. at 820 (citations omitted). Under this standard, the element of duty is clear and the parties do not contest it. Likewise, the parties do not contest that appellant fell while at the Hotel. But respondents contend the Hotel's carpet was not the cause of her fall. However, "when a duty is imposed upon the defendant and the plaintiff's allegations, if proven, would support a finding of a breach of the duty, summary judgment is improper." Cereck v. Albertson's Inc. (1991), 195 Mont. 409, 412, 637 P.2d 509, 511, citing Rennick v. Hoover (1980), 186 Mont. 167, 606 P.2d 1079. "Liability should not be adjudicated upon a motion for summary judgment where factual issues concerning negligence and causation are presented." Dillard, 824 P.2d at 1018, citing Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 931. Because causation

4

is the issue in dispute, this case is particularly ill-suited for summary judgment.

Respondents cite several cases where this Court has found summary judgment to be appropriate. See Cooper v. Sisters of Charity of Leavenworth Health Services Corp. and St. James Community Hospital, Inc. (1994), 265 Mont. 205, 875 P.2d 352; Fauerso v. Maronick Const. Co (1983), 203 Mont. 106, 661 P.2d 20; and Krone v. McCann (1982), 196 Mont. 260, 638 P.2d 397. However, in both Cooper and Fauerso the issue was duty, not causation, and they are therefore distinguishable. Causation was the issue in Krone, but that case is also distinguishable.

The incident in Krone took place in a rural open field, where the plaintiff acknowledged she had seen common debris such as logs and mounds of dirt lying around before she fell. Krone, 638 P.2d at 400. The court therefore agreed that the danger had been open and obvious. The incident in this case took place in a hotel, and appellant contends her fall was caused by a small hole in the carpeting--a hole that was not obvious and that could not reasonably have been anticipated. Moreover, in Krone, the Court noted that the plaintiff had been unable to specifically describe what caused her injury; she could not say what had caused her to trip. Krone, 638 P.2d at 400. In this case, appellant specifically alleges a small hole in the carpet to be the cause of her fall. She has therefore raised causation as a genuine issue, which the plaintiff in Krone apparently could not do.

5

The court found appellant had not brought forth evidence showing the carpet to be the cause of her fall. But the initial burden in the summary judgment proceeding should have been on respondents. It was up to them to show that no genuine issue of material fact existed. Only when and if they successfully made such a showing would the burden properly shift to appellant. Absent such an affirmative showing on the part of respondents, the moving party, it was error to shift the burden of proof to appellant, the non-moving party.

Respondents presented no evidence proving the fall was not caused by the carpeting. Instead they focused on the small amount of proof appellant offered to show that it was the carpeting. They correctly noted that appellant relied almost wholly on her own deposition and sworn affidavit. In response, respondents pointed out it was snowy and icy that night, and appellant had been drinking. Appellant has alleged it was the carpet that made her fall, thereby creating a genuine issue of material fact as to what caused the fall. Respondents have not shown that it was not the carpet. They have failed to dispose of this genuine issue of material fact.

If there is any genuine issue of material fact, summary judgment is inappropriate. "The question to be decided on motion for summary judgment is whether there is a genuine issue of a fact and not how that issue should be determined. The hearing on the motion is not a trial." Duchesneau, 492 P.2d at 930 (citation omitted).

6

Because appellant has raised a genuine issue of material fact that respondents have failed to rebut, summary judgment is not warranted.

Reversed and remanded for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7