No. 95-191

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

LARRY LULOFF and
JANET PERKINS-LULOFF,

    Plaintiffs and Respondents,

    v.

DAVID BLACKBURN and,
VELMA BLACKBURN,

    Defendants, Third-party Plaintiffs
    and Respondents,

    v.

ALEX MANWEILER and
ROSIE MANWEILER,

    Third-party Defendants.

FILED

NOV 14 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
    In and for the County of Carbon,
    The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        K.D. Peterson, Peterson and Schofield, Billings,
        Montana

    For Respondent:

        Frank C. Crowley, Doney, Crowley & Shontz, Helena,
        Montana; Kent E. Young, Red Lodge, Montana

Submitted on Briefs:  August 17, 1995

Decided:  November 14, 1995

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

In July 1992, respondents Larry Luloff and Janet Perkins-Luloff instituted proceedings in the Thirteenth Judicial District Court, Carbon County, seeking to reenter and to possess a certain parcel of land in the possession of appellants David and Velma Blackburn. The District Court granted the Luloffs' motion for summary judgment and the Blackburns appeal. Alex and Rosie Manweiler did not appeal that summary judgment.

We affirm.

## Issue

The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of respondents.

## Facts

The land in dispute is an approximately six acre parcel which is part of a 600 acre ranch located near Boyd, Montana. The appellants moved to the parcel in 1985 and made various improvements to the land. Their residence was obvious and is undisputed. However, no written document exists which purports to grant to the appellants any interest whatsoever in the property in question.

In 1989, the respondents bought the 600 acre ranch from Alex and Rosie Manweiler (the Manweilers). At the time of the sale, the respondents were informed by the Manweilers as well as the realtors who handled the sale that the ranch did not include a specific six acre parcel. In the property description attached to the contract

2

for deed, a 6.12 acre parcel denominated as "Tract B" was specifically excluded from the ranch.

Both the Manweilers and the realtors represented to the respondents that "Tract B", the six acre parcel which was excluded from the ranch, was the same six acre parcel where the appellants resided. Since the Manweilers and the realtors told them the parcel occupied by the appellants was excluded from the ranch, the respondents assumed the six acre parcel occupied by the appellants was in fact "Tract B", the six acre parcel excluded from the ranch by deed.

Therefore, the respondents knew the appellants were occupying the land. However, due to confusion regarding where "Tract B" was located, the respondents were unaware that they themselves owned the parcel occupied by the appellants.

One or two years later, the respondents discovered that "Tract B" was not the land occupied by the appellants, rather "Tract B" was a different parcel, owned by a party named Woods. "Tract B", owned by Woods, is adjacent to, but entirely separate from, the land the appellants occupied.

In April and again in May of 1992, the respondents and the Manweilers served the appellants with eviction notices requiring them to vacate the property. Upon appellants' refusal to vacate, the respondents filed this cause of action. Subsequently, the District Court granted the respondents' motion for summary judgment, finding that no material facts were in dispute and that the respondents were entitled to judgment as a matter of law.

3

## Standard of Review

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Vincelette v. Metropolitan Life Ins. Co. (1995), ____ P.2d ____, ____, 52 St.Rep. 1035, 1036; Brown v. Demaree (1995), ____ P.2d ____, ____, 52 St.Rep. 819, 820. This Court reviews a District Court's grant of summary judgment using the same criteria employed by the District Court to make its ruling. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331; Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

The party moving for summary judgment has the burden of showing a complete absence of any genuine issue of material fact, as well as its entitlement to judgment as a matter of law. Vincelette, 52 St.Rep. at 1036; Toombs v. Getter Trucking, Inc. (1993), 256 Mont. 282, 284, 846 P.2d 265, 266. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment. First Security Bank v. Vander Pas (1991), 250 Mont. 148, 152, 818 P.2d 384, 386.

## DISCUSSION

The sole issue on appeal is whether the District Court erred in granting summary judgment to the respondents. The appellants claim they orally contracted with the Manweilers for the sale of the disputed six acres in 1986, three years before the respondents purchased the ranch. The Manweilers deny the existence of any such

4

contract. The appellants contend therefore that factual questions remain regarding whether they and the Manweilers had such an oral agreement. They further contend legal questions also remain regarding whether that agreement, should it be found to exist, may escape the statute of frauds. The appellants assert that summary judgment in favor of the respondents was erroneous in the face of these remaining questions.

Under the statute of frauds, any sale or transfer of real property (other than an estate at will or a lease for a term less than one year) must be in writing and signed by the grantor. Sections 28-2-903, 30-11-111, and 70-20-101, MCA. Generally, if a grant of real property does not comply with the statute of frauds, it is invalid. Isaak v. Smith (1993), 257 Mont. 176, 848 P.2d 1014; Quirin v. Weinberg (1992), 252 Mont. 386, 830 P.2d 537.

However, the appellants point out that a court has the power to compel the specific performance of one party to an oral contract for the sale of real property in the case of part-performance by the other party. Section 70-20-102, MCA; Hayes v. Hartelius (1985), 215 Mont. 391, 697 P.2d 1349. See also Nashan v. Nashan (N.M. App. 1995), 894 P.2d 402; Quirin, 830 P.2d 537. Therefore, although they concede no written contract exists, the appellants nevertheless claim they have fully performed their part of the oral contract and are entitled to compel specific performance from the Manweilers. On this basis, they argue that the earlier oral contract between them and the Manweilers should be given full force and effect and the appellants should be allowed to keep the land.

5

Contrary to the appellants' assertions, however, the District Court did not rule on the existence or validity of an earlier contract between the Manweilers and the appellants. Instead, the court found the respondents' claim to the land to be superior to any claim or right the appellants might have, because the respondents were subsequent good faith purchasers without notice.

Section 70-21-304, MCA, provides:

> Every conveyance of real property, other that a lease for a term not exceeding 1 year, is void against any subsequent purchaser or encumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property or any part thereof in good faith and for a valuable consideration whose conveyance is first duly recorded.

The appellants do not dispute that the respondents paid valuable consideration for the land and recorded their deed first. As far as recording, the appellants admit they have never had any color of title to the property that they could even attempt to record. Nevertheless, the appellants claim the respondents cannot be considered bona fide subsequent purchasers because they did not buy the land in good faith.

It is well established in Montana that a bona fide purchaser is:

> one who at the time of his purchase advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position if his purchase should be set aside, and purchases in the honest belief that his vendor had a right to sell, without notice, actual or constructive of any adverse rights, claims, interest, or equities of others in and to the property sold.

Foster v. Winstanley (1909), 39 Mont. 314, 316, 102 P. 574, 579 (citations omitted).

6

The appellants point out the respondents were told by the realtors and the Manweilers (the sellers) that the property occupied by the appellants was not part of the ranch. The respondents were also aware of the appellants' obvious use and occupation of the six acre parcel. Therefore, the appellants claim the respondents had actual and constructive notice of the appellants' "claim of ownership" of the land, and such actual notice means the respondents cannot be considered bona fide good faith purchasers.

The Blackburns have confused occupation with ownership. The respondents cannot be charged with actual or constructive notice of the appellants' ownership of the land because the appellants do not have, and have never had, any rights to the land beyond those conveyed by mere occupancy.

There are two historically recognized ways to acquire unassailable fee title to (or ownership of) real property. See, generally, Lamme v. Dodson (1883), 4 Mont. 560, 2 P. 298. A person may acquire title by transfer or conveyance, such as a devise from a decedent's estate, or a gift, or a common sale. However, if a person who claims a given piece of land has only a defective deed or title, or no deed or title at all, that person may still establish clear fee title through adverse possession.

If the party occupying another's land cannot show adverse possession, the law presumes the occupancy to be permissive and subordinate to the legal title. Section 70-19-404, MCA, states:

> In every action for the recovery of real property or the possession thereof, the person establishing a legal title

7

to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title unless it appear that the property has been held and possessed adversely to such legal title for 5 years before the commencement of the action.

This presumption has been consistently applied in Montana for more than a hundred years. "The law deems every man to be in the legal seisin and possession of land to which he has a perfect and complete title. This seisin and possession is co-extensive with the right, and continues till [sic] he is ousted by an actual adverse possession." Stephens v. Hurley (1977), 172 Mont. 269, 274, 563 P.2d 546, 549 (citation omitted). See also YA Livestock Co. v. Harkness (1994), 269 Mont. 239, 887 P.2d 1211; Holen v. Phelps (1957), 131 Mont. 146, 308 P.2d 624; Blackfoot Land Development Co. v. Burke (1921), 60 Mont. 544, 199 P. 685; Peters v. Stephens (1891), 11 Mont. 115, 27 P. 403.

Under the above presumption, possession which is not adverse can be overcome by any record owner who has acquired title to the land by conventional means. "Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession." Section 70-19-406, MCA.

In this case, the respondents acquired title by a property transfer, including the transfer and registration of the deed. Under § 70-19-406, MCA, therefore, the appellants' claim cannot stand against the respondents' proven ownership.

8

The appellants do not have a legitimate claim to the land they occupy because they cannot show adverse possession. Adverse possession requires the payment of all taxes on the property in question for the prescribed period. Section 70-19-411, MCA; Lindey's, Inc. v. Goodover (1994), 264 Mont. 489, 872 P.2d 767; Burlingame v. Marjerrison (1983), 204 Mont. 464, 665 P.2d 1136. The appellants admit they have never paid the taxes on the property they occupy, and therefore any claim by adverse possession must fail.

Under the admitted facts of this case, the appellants have no title to the land, other than that conveyed by mere occupancy, and no claim to it via adverse possession. Nevertheless, they asked the District Court to let them keep the land, because to allow their eviction after so many years would be unfair.

As explained above, however, the two recognized ways to acquire land are through transfer or adverse possession. The appellants can show neither. They cite no authority which would allow the courts to award them the property on the simple theory of equity or fairness, and this Court has not discovered any authority in the statutes or case law which would allow such a result.

In any case, this Court is not persuaded that ordering the respondents to relinquish the land would in fact be an equitable result. The respondents would lose a part of their ranch for which they have paid valuable consideration and to which they hold clear title. We also note that, while the appellants' occupancy was indeed long-term, they never received a deed following the alleged

9

sale of the land to them by the Manweilers.  Further, they admit they attempted to pay the taxes on the land but were not allowed to do so.  These facts should have alerted the appellants that any title they held was defective.

The respondents have clear and uncontroverted title to the disputed parcel.  The appellants cannot show title through transfer or through adverse possession.  Any title they acquired through mere occupation is subordinate to the respondents' record title.  For these reasons, the District Court did not err in granting summary judgment in favor of the respondents.

Affirmed.

_____
                              Justice

We Concur:

_____
           Chief Justice

_____

_____

_____
           Justices