No. 98-042

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 103N


MBNA AMERICA BANK, N.A.,

Plaintiff and Respondent,

v.

SANDRA MAY VERSCHOOT and
ALFRED CHARLES VERSCHOOT,

Defendants and Appellants/


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Alfred Charles Verschoot and Sandra May Verschoot,
Pro Se, Absarokee, Montana

For Respondent:

Bruce M. Spencer; Smith Law Firm, P.C.; Helena, Montana


Submitted on Briefs: April 16, 1998

Decided:      April 30, 1998
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1   Pursuant to Section I, paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   The plaintiff, MBNA America Bank, N.A., filed a complaint against the defendants, Sandra and Alfred Verschoot, in the District Court for the Thirteenth Judicial District in Stillwater County, to recover a credit card debt.
MBNA moved for summary judgment, and after a hearing, the District Court granted the motion.  Verschoots appeal.  We affirm the judgment of the District Court.

¶3   The sole issue on appeal is whether the District Court erred when it granted summary judgment.
FACTUAL BACKGROUND

¶4   Sandra May and Alfred Charles Verschoot have apparently maintained a credit card account with MBNA America Bank, N.A., since 1984.  As of August 1, 1994, the outstanding balance on the account was $15,076.36.

¶5   On May 23, 1997, MBNA filed a complaint in the District Court for the Thirteenth Judicial District in Stillwater County to recover the balance, along with interest at a rate of  ten percent per year.  Verschoots' answer to the complaint on June 25, 1997, asserted that they did not receive any "lawful money" from MBNA, that the billing was incorrect, that they sent a full payment to MBNA which MBNA failed to reject in accordance with the U.C.C., and that MBNA was obligated to cancel all "phoney debt."  A month later, they sought a default judgment against MBNA for its failure to answer what Verschoots alleged was their counterclaim in the answer.  The District Court denied their motion for judgment on the pleadings and ruled that the answer did not assert a counterclaim.

¶6   On July 31, 1997, MBNA served Verschoots with requests for admission in which it stated that pursuant to Rule 36(b), M.R.Civ.P., the requests would be deemed admitted if not denied within thirty days.  The requests stated, among other things, that Verschoots owed MBNA $15,076.36 and that the billing statement was correct.  Verschoots failed to deny or challenge the requests for admission.

¶7   On November 3, 1997, MBNA moved for summary judgment.  It relied on the admissions and an affidavit from its account manager which set forth the amount owed by Verschoots.  Verschoots moved to dismiss the action on the basis that MBNA failed to offer proof of a contract, and then reiterated its

motion for judgment on the pleadings.  After a hearing, the District Court denied Verschoots' motions and granted MBNA's motion for summary judgment.

## DISCUSSION

¶8    Did the District Court err when it granted summary judgment?

¶9    Our standard of review in appeals from summary judgment rulings is de novo.  See Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785.  We apply the same criteria as the district court.  See Brown v. Demaree (1995), 272 Mont. 479, 482, 901 P.2d 567, 569.  When there is no genuine issue of material fact and the moving party has presented evidence that it is entitled to judgment as a matter of law, summary judgment is appropriate.  See Rule 56, M.R.Civ.P.; Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

¶10   Rule 36, M.R.Civ.P., provides that a party can make requests for admission, and that if the requests are not denied or challenged within thirty days, they are "conclusively established."  Here, Verschoots did not respond to the requests, nor did they give any reason why the thirty-day limit within which to respond should have been extended.  Accordingly, the requests were and are deemed admitted.  The substance of the requests is sufficient to establish as a matter of law that MBNA is entitled to recover $15,076.36 from Verschoots.

¶11   Verschoots have alleged a variety of defenses to MBNA's claim. However, they fail to present evidence or legal grounds to support their assertions. Verschoots failed to raise any genuine issue of fact or to substantiate why MBNA was not entitled to judgment as a matter of law.

¶12   Verschoots also alleged that MBNA was not entitled to recover because it failed to respond to their counterclaim.  But as the District Court and MBNA have pointed out, Verschoots' answer is not specific and it does not allege affirmative legal grounds for judgment.

¶13   Finally, Verschoots contend that MBNA's failure to present the contract which is the basis of its claim entitles them to dismissal.  However, we agree with the District Court that submission of the written contract is unnecessary in light of the admission that they owe the debt asserted by MBNA.

¶14   We hold that MBNA was entitled to summary judgment, and we affirm the District Court's order and judgment.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   J. A.   TURNAGE

/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.
/S/  KARLA M. GRAY